JACKSON, ex dem. Constantine, *vs.* WARFORD.

In *ejectment*, where the defendant produces no *written title*, but relies solely on possession with an assertion of title, he can retain so much only as he has under *actual improvement*, and has been in possession of for 20 years ; what is said to the contrary of this position in *La Frombois* v. *Jackson*, 8 Cowen, 589, is *obiter*.

Where a party has been in possession of land for 35 years, claiming it as his own, and had built a barn upon it ; and where the owner, who resided within 60 miles of the premises, instead of asserting his claim, embarked in the service of the Northwest Company in Canada for 20 years, and suffered 18 years to elapse after his return before bringing suit, and the original *letters patent* for the land were found in the possession of the occupant of the premises ; *it was held*, that the facts and circumstances were such as would have warranted the presumption of a conveyance to the occupant.

A new trial will be granted on the ground of *surprise*, where the attorney of one of the parties had in his possession a deed important to the rights of the other party, and, before the trial, delivered it to a third person, without apprising his adversary, who subpœnaed the attorney and also gave notice to him to produce the deed, and on the trial first learnt that it was not in his possession.

THIS was an action of ejectment, tried at the Clinton circuit in June, 1829, before the Hon. ESEK COWEN, one of the circuit judges.

The plaintiff shewed title in his lesssor to lot No. 60 of the *eighty acre lots* in the Canadian and Nova Scotia refugee tract, by letters patent granted the 27th February, 1780, and claimed to recover 25 acres near the centre of the lot in the possession of the defendant. The defendant claimed the premises under a purchase at sheriff's sale, on an execution against one James Rouse ; the sheriff's deed bearing date 13th December, 1813, conveying lot No. 60 and other lots. Rouse was in possession of lot No. 60, and two adjoining lots, viz. Nos. 59 & 61, as long since as 35 years before the trial, and claimed to be the owner of the same ; at that time had a clearing on the east end of the lots, his house being on 61, and his barn on 60, the adjoining lot ; the lots are long and narrow, extending west from the shore of Lake Champlain, at a place called Rose's point, about one mile. Twenty three years before the trial, Rouse had a clearing of about 7 acres

on the east end of lot No. 60, and had sugar works on the 25

acres, near the centre of the lot, and got out staves there. Ev-
er since that time, there has been sugar made on the 25 acres,
and fire wood has been cut there. Rouse continued in pos-
session until 1813, when the defendant entered, by and under
whom the premises have since been held; no part of the 25
acres were cleared or enclosed in fence until about four years
since. It was proved that Constantine was a *Canadian refu-
gee ;* that shortly after the close of the revolutionary war, he
settled at St. Antoine in Lower Canada, and went into the
service of the *Northwest Company* in Canada, and continued
in such service about 20 years, or until 1810, when he re-
turned to St. Antoine, where he had left his family, which
place is about 60 miles from the premises in question. A
witness for the defendant testified that he was at home in
1798, or 1799. This suit was commenced in May, 1828. To
shew title *out* of the plaintiff, the defendant proved by one
Ferriall, that in 1798 or 1799, the lessor of the plaintiff sold
and conveyed lot No. 60 to A. Peabody and C. Fitch, he be-
ing then told that Rouse was in possession; proof having
previously been given that such deed could not be found
among the papers of Peabody and Fitch, they both being
dead. The credibility of this witness was attacked. The
letters patent to Constantine were found among Rouse's pa-
pers, who died 5 or 6 years before the trial. The defendant in-
sisted at the circuit that the evidence established an adverse
possession, barring the right of the plaintiff to recover, and
that the jury were warranted in presuming a conveyance to
Rouse. The judge decided otherwise, and charged the jury
that the only question for them to determine was whether the
lessor had conveyed to Peabody and Fitch, and in determin-
ing such question, they must pass upon the credibility of the
witness Ferriall; if they believed him, they must find for the
defendant, otherwise for the plaintiff. The jury found for the
plaintiff. The defendant moved for a new trial, as well on
account of the ruling of the judge, as on the ground of *sur-
prise,* arising from the fact that the attorney for the plaintiff,
on being called on to produce, in pursuance of a subpœna and
notice, a deed of the premises in question from the wife of

NEW-YORK,
May, 1831.

Jackson
v.
Warford.

Constantine to Rouse, found by him among the papers of Rouse, and admitted by him after the commencement of the suit to be in his possession, stated that. he had delivered the deed to a son-in-law of Rouse, who had sent it to counsel at *Troy.*

*S. Stevens,* for the defendant. A sufficient adverse possession was shewn to bar the right of entry, 8 Cowen, 589, 603 ; 3 Johns. C. 109 ; and the question of adverse possession should have been submitted to the jury, 9 Johns. R. 102 ; 13 id. 495. The facts and circumstances of this case would have warrant-·ed the jury to presume a conveyance from the lessor to Rouse, under whom the defendant claimed, 1 Phil. Ev. 124 ; 8 East, 266, 7 ; 12 Co. 5 ; 7 T. R. 492 ; 3 Wendell, 152 ; and that question also should have been submitted to them, 2 Wendell, 60 ; 1 Vent. 257 ; 11 East, 488 ; 1 Caines, 84 ; 2 id. 382 ; 7 East, 45 ; 10 Johns. R. 377 ; 11 id. 446 ; Cowper, 102 ; 4 T. R. 682. At all events, on the ground of *surprise,* the defendant is entitled to a new trial ; for. had the deed been produced, although only executed by the wife of Constantine, it would have been sufficient to have extended the possession of Rouse to the whole lot. 1 Cowen, 286, 609 ; 5 id. '483 ; 6 id. 680 ; 18 Johns. R. 355.

*Greene C. Bronson,* (attorney general,) for the plaintiff. The evidence does not establish an adverse possession, except as to the part of the lot near the lake ; as to the premises claimed to be recovered, there is no pretence of possession, the occasional use of that portion of the lot for the purpose of making sugar, was not such a possession as could ripen into a right. Had Rouse claimed the land by virtue of a deed, the manner in which he occupies it, might have been considered a sufficient possession ; but it was not shewn that he had a deed, and the facts and circumstances of the case were not such as to authorize the jury to presume a conveyance to him. A conveyance cannot be presumed where there is no evidence of an adverse possession, and even that, when established, will not warrant the presumption ; the jury must be satisfied that the right is in the party, and that the naked forms of a conveyance only are wanting, and the question should not be sub-

mited to them, unless the evidence given legally tends to es-
tablish the fact. 1 Wendell, 511. As to the proof of title out
of the lessor, the jury have found for the plaintiff, and their
finding is conclusive. The defendant is not entitled to a new
trial on the ground of surprize ; he ought to have inquired for
the deed shortly before the trial ; had he done so, he would
have learnt where it was, and might have procured its produc-
tion ; he has not used due diligence, 18 Johns. R. 489 ; be-
sides such evidence would be cumulative, and therefore the
court will not grant a new trial. 2 Caines, 72, 3. 8 Johns.
R. 84. 15 id. 210. 9 Cowen, 266.

*Stevens,* in reply. According to the decision in *La From-
bois* v. *Jackson,* 8 Cowen, 589, the possession by Rouse, and the
continuation of it by the defendant, was sufficient to bar the
plaintiff. The occupation or enjoyment of the premises was
such as is customary in new settled parts of the country,
and it is shewn to have been continued for 23 years. If
the circumstances are such as to warrant the presumption,
a grant may be presumed, although there be not an adverse
possession of 20 years. Where a party is taken by surprise,
and on the trial of a cause is not able to avail himself of testi-
mony, which he supposed was under his control, it cannot be
objected when he asks for a new trial, that the evidence is cu-
mulative.

*By the Court,* SAVAGE, Ch. J. On the point of adverse pos-
session, the judge decided that the defendant had not shewn
enough. According to the repeated decisions of this court he
decided correctly. The defendant produced *no conveyance* from
any body for lot No. 60 ; and it must be considered settled, if
a series of decisions for thirty years can settle a question, that
where the occupant of land produces no written title, but relies
solely on possession with an assertion of title, he can retain so
much only as he had under actual improvement, and within a
substantial enclosure. 1 Johns. R. 158. 2 id. 234. 1 Cowen,
609, 285. The case of *La Frombois* v. *Jackson,* it was urged
on the argument, extended this doctrine to bare occupancy.
Chancellor Jones says : " The actual possession and improve-

NEW-YORK.
May, 1831.
Jackson
v.
Warford.

ment of the premises, as owners are accustomed to possess, and improve their estate, without any payment of rent or recognition of title in another, or disavowal of title in himself, will, in the absence of all other evidence, be sufficient to raise a presumption of his, the occupant's, entry and holding, as absolute owner." I do not understand Chancellor Jones as intending to impeach the rule, which had been frequently recognized in this court as to the extent of an adverse possession, where there is no holding under a *paper title*. Indeed he could not, for that question was not raised in that case ; what was said was out of the case and *obiter*. The defence of adverse possession, therefore was not sustained.

Was enough shewn to warrant the presumption of a conveyance, and to justify the judge in submitting that question to the jury ? Presumptions are often indulged for the sake of quieting possessions. Presumption has been defined to be an inference as to the existence of a fact not known, arising from its connection with facts which are known. It is founded upon a knowledge of human nature, and the motives which are known to influence human conduct ; particularly, the disposition of man to enjoy what belongs to him. There are facts in this case which are not altogether consistent with the fact of Rouse's being an intruder. He was in possession, claiming title to the whole lot and two others, making in all 240 acres, lot No. 60 lying in the middle. It is not pretended that he did not own the lots lying on either side of No. 60. He improved the whole as one farm, though the 25 acres in question were never enclosed by him. The country was new, and it was probably not necessary, for the purposes of good husbandry, to clear and enclose more than he did. He built a house on No. 61 and a barn on No. 60. The lots were narrow and long. Is it probable that a man of ordinary prudence would so have located his farm and placed his buildings, knowing that the centre of his farm belonged to another, and was liable to be taken from him ? He went into possession soon after the patent was issued and the survey made. On the other hand, Constantine, the patentee, is said to have entered the service of the northwest ... the revolutionary war, and to have been ... hough Ferrall says he was ...

NEW-YORK,
May, 1831.

Jackson
v.
Warford.

home in 1798 or 1799 ; when at home, he resided within 60 miles of the premises in question, and knew that Rouse was in possession of this lot. Is it probable that he would have permitted Rouse to have enjoyed this property unmolested, while he was obliged to resort to the wilderness for a living, leaving his wife with her friend? When to these circumstances is added the fact, that at Rouse's death the orginal patent was found among his papers, it seems to me these were facts and circumstances which would have justified a verdict in favor of the defendant, on the presumption of a conveyance. Suppose, under these circumstances, the jury had found a verdict in favor of the defendant, would this court have set aside the verdict as against evidence ? If not, then clearly the evidence should have been submitted to the jury. '

The third point of the the the defence, viz. that title was shewn out of the lessor, rested principally, if not entirely upon the credibility of Ferriall. The court ought not too freely to set aside a verdict because against the weight of evidence, but sometimes justice demands it. In this case there was the positive testimony of Ferriall on one side; on the other, an attempt to impeach him, and evidence that Constantine was not at home from before 1790 till 1820. If that were so, then Ferriall must be incorrect. It was for the jury to decide where the preponderance lay.

On the case, therefore, I am of opinion that a new trial cannot be granted, on the ground that an available adverse possession was shewn, nor that the verdict was against the weight of evidence ; but I think the judge erred in refusing to submit the evidence to the jury, which would have justified them in presuming a conveyance accompanying the patent. But if this were doubtful, there can be no question but that a new trial should be granted on the ground of surprise. From the conversations had with the plaintiff's attorney on the subject of a conveyance for lot No. 60, and from his silence as to the disposition he had made of it the defendant and his counsel had every reason to suppose that the plaintiff's attorney had the deed in his possession, and would produce it.

New trial granted, costs to abide the event.