ALBANY,<br>Oct. 1836.<br><br>Sharp<br>v.<br>Brandow.

New trial denied.

---

## SHARP and others *vs.* BRANDOW.

A defendant in ejectment who has entered into possession of lands, claiming title by *deed* of *an undivided sixth part* of an extensive tract, cannot set up an *adverse possession* to more of the tract than he has under *actual improvement*, or within a *substantial enclosure*.

THIS was an action of *ejectment*, tried at the Greene circuit in April, 1834, before the Hon. JAMES VANDERPOEL, one of the circuit judges.

The plaintiffs showed title to the *one sixth* of a lot of land in the Hardenburgh patent, called lot No. 43, containing about 1500 acres, under a deed executed by *John Emmons*, to Nicholas Kiersted, bearing date 27th December, 1792, and claimed to recover 264½ acres of land, of which the defendant acknowledged himself to be in possession. The defendant relied upon *adverse possession* for his defence. He produced in evidence a deed from Emmons, the grantor of Kiersted, to A. Becker and A. Boyd, of the *one sixth* of the same lot No. 43, bearing date 6th April, 1798, and deeds from Becker and Boyd to himself, also of the *one sixth* of the same lot, bearing date 30th March, 1799, and proved that he had made clearings upon several portions of lot No. 43, amounting, together, to between 30 and 40 acres, and gave evidence of the length of time that he had been in possession of such clearings. It also appeared that in a *partition* of lot No. 43,

made in 1828, (in a matter of partition prosecuted by one Clarke,) three lots were designated as Nos. 9, 10 and 14; the two first of which and 41 acres of the last were allotted to the defendant, and which premises thus allotted contained, together, 264½ acres, and included within their bounds the *clearings* made by the defendant. The judge charged the jury, that both parties claiming title from the same source, the possession of the defendant was adverse, and if they should come to the conclusion that such possession had been continued for 25 years, the defendant would be entitled to their verdict; at the same time instructing them that where a defendant enters into possession of a lot of land, claiming to be owner, by virtue of a deed, and actually occupies and improves a *part* of the lot, he is deemed in law to be in possession of the *whole*. The jury found a verdict for the defendant. The plaintiffs ask for a new trial.

*L. Elmendorf*, for the plaintiffs.

*M. T. Reynolds*, for the defendant.

*By the Court*, NELSON, C. J. The deed from Becker and Boyd purported to convey to the defendant one undivided sixth part of lot No. 43, and it is by virtue of an entry and occupation under it that the defendant claims a possession adverse to the plaintiffs, who are undoubtedly the legal owners. Such possession would not be adverse to the other co-tenants, but is in accordance with their title, and would enure to their benefit. The plaintiffs, however, are not his co-tenants; the defendant holds in hostility to them, claiming by deed the title which they assert to the premises. The possession would be adverse to Emmons, the grantor, 18 *Johns. R.* 362, 12 *Wendell*, 602, and is equally so to those claiming under him. I did not understand this point of the charge of the learned judge to be called seriously in question upon the argument, nor is it in the points submitted.

Lot 43 embraced a tract of about 1500 acres, and one question, and the material one presented in the case is, as to the rule by which to determine the extent of the adverse pos-

session, or in other words, the quantity of land which may be claimed to be held by the defendant by virtue of it. He admitted himself to be in possession of three parcels, amounting to 264½ acres. The actual improvements and enclosures for cultivation do not probably exceed some thirty or forty acres, perhaps not so much; but the jury, under the instructions of the court, found for the defendant, and thereby confirmed his title to the whole of the three parcels. It has been long settled in this state, that entry and possession under color and claim of title, constitute an adverse possession against all the world, and if continued for twenty years, will ripen into a title that shall bar the entry of the true owner; if for twenty-five years, a complete and perfect title is acquired. As writs of right are now abolished, and the action of ejectment substituted, the defendant, to defeat this action, must show a continuance of the adverse possession for twenty-five years, in all cases where the right of entry existed before the new statute regulating the limitation of actions took effect. 10 *Wendell*, 104. 2 *R. S.* 300, § 45. Where the right of entry accrued since those statutes, it will be barred in twenty years. 2 *R. S.* 293, § 5, 7, 8. If the defendant enters without color of *paper title*, and relies upon a mere assertion of title, he acquires by his possession no more than he has under actual improvement, and within a substantial enclosure. If he claims more by a constructive adverse possession, it must be under a claim of paper title, and then the claim cannot extend beyond a single lot. Such a possession of part, claiming title to the whole, with the usual acts of ownership over the unimproved part, as in the case of a farm occupied for agricultural purposes, is deemed sufficient. 1 *Cowen*, 276, 609. 8 *Wendell*, 440. 7 *Wendell*, 62. Now conceding that an entry under color and claim of paper title to *an undivided sixth part* of the lot would constitute an adverse possession to the extent of the title as effectually as an entry under claim of paper title would to the whole; yet as the lot contained above 1500 acres, it is clear it could in neither case extend beyond the actual improvements within substantial enclosures. This principle was fully conceded by the learned judge in his

ALBANY,
Oct. 1836.

Sharp
v.
Brandow.

charge to the jury, and if properly applied would have led to a right conclusion. The defendant admitted himself in possession of lots Nos. 9, 10 and 14, and had proved that he entered by virtue of a *paper title,* some twenty-five years previous to the commencement of the suit ; and the jury may or must have considered the principle as stated in the charge applicable to these several lots. Whether it was so intended does not distinctly appear. Such was the nature, if not necessary effect, and they accordingly found for the defendant, thereby confirming his title to the three lots. Now it appears that the principal portion of the twenty-five years adverse possession took place before the partition in 1828, when lots Nos. 9, 10 and 14 were surveyed. Until then, great lot 43 was undivided, and so far as regards these lots, the principle of law had no application. It cannot be said that there had been an entry and possession of part of them, claiming title to the one sixth, or whole of them, or any one of them, for twenty-five years, before 1828. Unless the principle is applicable to the whole of lot 43, which I believe was not contended on the argument, the plaintiff should have had a verdict for all the premises of which the defendant admitted he was in possession, except so much as had been *actually improved,* and substantially enclosed for twenty-five years before suit. For these reasons a new trial must be granted, costs to abide the event.

New trial granted.