By the Court,

Nelson, C. J.
I am of opinion that no error has been *507 committed by the learned judge at the circuit, and that a new trial cannot be granted on that ground.
The interest of Gflentworth was not balanced. He will be liable to the defendants for the costs and expenses of the suit, in case the plaintiff succeeds, which turns the balance of interest against them; and as it respects the title to the note, for aught shown, Burrall took it bona fide, and for value, which enured to the benefit of the plaintiff. He had a right to protect himself under this title, without regard to the circumstances attending the transfer to himself.
But I am inclined to think that justice and fair dealing require us to grant a new trial on the ground of surprise, arising out of the improper conduct of Burrall. As the note has passed through his hands, he is not to be regarded in the "light of a stranger to the transac- [ *665 ] tion, for whose conduct the plaintiff should not be held in any way responsible. On the contrary, he is to be presumed to have in some measure a common interest in the recovery, as he may be accountable if the defendants should succeed; at least, a well founded suspicion that such an interest may exist, naturally arises from the circumstances attending his departure from court to avoid being called as a witness. It was obviously by contrivance and design, with the settled purpose of embarrassing the de-' fence. Such conduct should not succeed any where, much less in a court of justice. Eeasonable care and diligence had been used to procure his attendance 5 and the ground of surprise is as strong as in the case of Jackson v. Warford, 7 Wendell, 67.
New trial granted on payment of costs.