THE CONTINENTAL NATIONAL BANK *vs.* ADAMS
and another.

The aim and object of the court, in granting motions for a new trial on the ground of *surprise,* is to do justice.

Counsel are not obliged to disclose any features of the prosecution or defence, unless required by order of the court; but when either does so, to the other, the statement must be made in good faith, and if it be apparently otherwise, though not so in fact, or if it result in inducing a different line of preparation for the trial than would otherwise have been adopted, the burden must fall on the communicant, if there be reason to suppose that justice will be accomplished by applying the rule.

Where the plaintiff's attorney was led, by conversations with the defendant's attorney, to suppose that no serious defence would be interposed, and therefore omitted to summon a material witness; it was *held,* that although no deceit or fraud was intended by the defendant, yet as the acts of his representative did mislead the plaintiff, the discretion of the court was justly exercised in setting aside a verdict for the defendant and granting a new trial, on the ground of surprise.

Continental National Bank *v.* Adams.

APPEAL from an order made at Special Term setting aside a verdict in favor of the defendants, and granting a new trial on the ground of surprise.

*Edward F. Brown*, for the plaintiff.

*William A. Jenner*, for the defendants.

*By the Court*, BRADY, J. The application granted in this case rested upon conversations between the respective attorneys, by which the plaintiff's attorney was led to suppose that no serious defence would be interposed herein. The opinion given by Justice DONOHUE, on granting the motion, is as follows: "The defendants had a verdict at the trial of this cause, in substance, on the ground that the note was an accommodation one, and the discount had been at usurious rates. The plaintiff asks to set the verdict aside on the ground of surprise, stating that from what the attorney said when the answer was served, the defence was not really intended to be interposed. It is asserted, positively, that when the answer was served the attorney for defendants stated: "It was put in to enable Mr. Adams to obtain a little more time to arrange his affairs and settle the suit."

Again, the representative of the defendants, having failed to negotiate a settlement, said, but a short time before trial, to the plaintiff's representatives, "Then I suppose you must take your judgment."

The attorney for the plaintiff swears that he was misled by this into supposing no defence was intended.

The discount alleged to be usurious was not negotiated with the defendants, nor was the loan made them for his use or benefit. The note was given to, and discounted for, Barnard, and it is perfectly clear that Barnard was a competent witness on the subject, and evident, that if the plaintiff had supposed a defence was to be set up, he would have been a witness who could

throw light on the question, but, from the start, the plaintiff was misled by the statements of the defendants' attorney into supposing no evidence on the point necessary. No denial that relieves the case of doubt is made. A want of recollection is set up on the part of the defendants' attorney in answer to the sworn statement on the plaintiff's side, and while it may be fairly said no deceit or fraud was intended by the defendants, the acts of their representatives did mislead plaintiff.

The not very satisfactory evidence of the defendants, on the trial, and the sworn statement of Barnard on this motion, convince me, that at least the plaintiff, who has parted with its money on the faith of an apparently business note of the defendants, should have the right to try that question, fully prepared, and not acting on the statements which misled him. I think the cases cited by plaintiff fully sustained his right.

The cases alluded to, are *Jackson* v. *Warford*, (7 *Wend.*, 62,) *Chamberlain* v. *Lindsay*, (1 *Hun*, 231.) And see also, *Tyler* v. *Hoornbeck*, (48 *Barb.*, 198.) Motions of this character, said MILLER, J., in the last case, "are addressed very much to the sound discretion of the court, and if it satisfactorily appears that to promote the ends of justice an opportunity should be presented for the introduction of new testimony, the court will furnish it by setting aside the verdict and granting a new trial."

The surprise stated in that case was the plaintiff's attorney calling one of the defendants as a witness, in violation of a promise that he would not call him, and by which the defendant was unprepared to impeach him. The application was granted, although the affidavits were "somewhat conflicting." It was also declared, in that case, that the neglect of the defendant to ask that a juror be withdrawn should not operate to his prejudice. It was a failure to avail himself of a technical rule. The same observation must be made to the

defendants' objection here, that the plaintiff neglected to ask a similar favor from the court. The aim and object of the court in granting motions of this kind, is to do justice. The counsel for the parties are not obliged, as suggested by Justice DANIELS, in *Chamberlain* v. *Lindsay*, (*supra*,) to disclose any features of the prosecution or defence, unless required by order of the court; but when either does so, to the other, the statement must be in good faith, and if made apparently otherwise, though not so in fact, or if it result in inducing a different line of preparation for the trial than would otherwise have been adopted, the burden must fall on the communicant, if there be reason to suppose that justice will be accomplished by applying the rule. In this case, the discretion exercised at Special Term was justly employed, in all respects, and the order should be affirmed, with $10 costs and disbursments.(*a*)

[FIRST DEPARTMENT, GENERAL TERM at New York, May 3, 1875. *Davis, Brady* and *Daniels,* Justices.]

(*a*) *S. C.,* reported very briefly, 4 *Hun,* 666.