## Case No. 2,433.

### CARR v. GALE et al.

[1 Curt. 384.][1]

Circuit Court, D. Maine. September Term, 1853.

NEW TRIAL—SURPRISE—ADDITIONAL EVIDENCE—IMPEACHING WITNESS.

1. If a party who is surprised at the trial, allows it to proceed, without making his surprise known and applying for delay, and the verdict is against him, he cannot have a new trial by reason of that surprise.

2. A new trial will not be granted because a witness, who gave a loose estimate of an amount at the trial, has since become satisfied his estimate was too large:

Nor to contradict a witness, as to a fact of no considerable importance, by negative evidence, given nearly ten years after the event testified to:

Nor to impeach a witness, or disprove a statement which did not materially affect the legal aspect of the case.

[Cited in Vose v. Mayo, Case No. 17,009.]

[At law. Action of trover by Joshua W. Carr, assignee in bankruptcy of Samuel C. Hemmenway, against Samuel C. Hemmenway, Stephen Gale, and others. There was a verdict for plaintiff, and defendants moved for a new trial.

---

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

[For denial of a like motion, based on other grounds, see Cases Nos. 2,444 and 2,445.]

CURTIS, Circuit Justice. This was a motion for a new trial, on account of newly-discovered evidence. A motion, grounded on other causes, was argued before the late Mr. Justice Woodbury and the Honorable Ashur Ware, District Judge, at a former term, and is reported in 3 Woodb. & M. 38 [Case No. 2,435]. That motion was overruled; but the cause assigned in this motion was not then considered, the evidence on which it rested not having been at that time taken in such a form as to be admissible. Owing to the sickness of counsel, and other causes, the motion has lain on file, and was not called up until the present term. The facts and evidence, as they appeared at the trial, are detailed in the report of the case in 3 Woodb. & M. 38 [Case No. 2,435]. Among the witnesses examined at the trial, was Joseph Bryant; and a large part of the newly-discovered evidence relates to testimony given by him. At the trial, he testified, that in 1836, he was one of the assignees of S. C. Hemmenway; and that the latter, after the assignment, in connection with his mother, abstracted some of the goods from the store, and collected some of the assigned debts, first making such entries in the ledger as would induce the assignees to believe the accounts were balanced before the assignment was made.

In cross-examination by the counsel for the defendants, who now move for a new trial, he said the amount of the goods so abstracted was somewhere between $500 and $1,000. The defendants now produce his deposition, in which he says that he did not undertake to state the amount with any precision at the time; that, being much pressed on cross-examination, to fix on some amount, he mentioned the above sums as being in his opinion correct; that he is now satisfied, from an examination of two schedules, and from other circumstances, that he fixed the sum much too high; but the schedules do not give any decisive information, nor can he now fix, with precision, upon the amount. It should be stated, that the evidence of this witness at the trial was material, only as tending with other evidence, to show that Hemmenway was not destitute of property, at the time when he took the benefit of the bankrupt act. In our judgment, this evidence, if it could properly be treated as newly-discovered, and were not open to objection on account of want of due diligence, would fall far short of being sufficient cause for a new trial. The testimony now is, that Hemmenway and his mother did abstract some goods. This general fact was all that the plaintiff gave in evidence by Bryant at the trial. The defendants, instead of leaving the statement thus general, called upon him for sums and particulars. He says he undertook to give nothing but a loose opinion as to the amount, and this may fairly be inferred where he does not appear, by the report, to have said more than "somewhere from $500 to $1,000." He has now modified that opinion. It would be exceedingly dangerous to allow such changes of mere loose estimates, brought out on cross-examinations, to lay a foundation for a new trial. Besides, it does not appear that all the information, which has caused this change of opinion in the mind of the witness, was not then in his own possession, and might not have been evoked at the trial, by proper inquiries as to the elements or data for the opinion expressed by him.

It is urged by the defendants' counsel, that their clients, not having anticipated this charge of abstracting goods, had not instructed them so as to enable them properly to investigate it. This may be true. But when they found the charge was made, and that they were not in a condition to meet it, a suggestion of surprise, backed by proper evidence of the truth of the suggestion, would have obtained delay for all needful preparation. A party cannot be allowed to wait and take his chance of a verdict in his favor, and, when it is against him, allege surprise. It is then too late. I am aware that a different rule has been held in some courts. But the reason is, that by their practice, the remedy could not be had by delaying the trial. In this court, such delay is granted; and the proper remedy here, is to apply for it, and not to wait till after verdict, and then move for a new trial.

Two depositions of the co-assignees of Bryant are also produced, which tend, in some degree, to negative altogether the charge that Hemmenway abstracted any goods, and to show, that though some were taken by his mother, they were all paid for ultimately by her, out of her dividends, under the assignment. But the defendant Hemmenway knew. at the trial, that both these persons were co-assignees with Bryant; that, from their position as such, they would be likely to have information on this subject; and if he believed himself innocent of the charge, and had not then made inquiries of them concerning their knowledge, he had sufficient reason to think they might be able to give evidence concerning it. And it cannot be considered as the use of due diligence, to suffer the trial to proceed, and after a verdict against him, proceed to make the inquiries which he might and ought to have made before. It may be added, that this evidence would be cumulative merely, if produced, and therefore, its discovery is not ground for a new trial.

The defendants have also offered two affidavits of Martin Bates and Thomas P. Cushing, two of the committee of the creditors of Hemmenway. to disprove the statement of Bryant, that he disclosed to the committee the fact that Hemmenway abstracted goods. If the object of this evidence is, as is suppos-

ed, to impeach the credibility of Bryant's evidence, it is doubtful, to say the least, whether it is entitled to this effect; because, although according to the report of the case, Bryant does speak generally of the committee, yet Mr. Tappan was a member of the committee, whose testimony is not produced: and the witness may have considered communications made to him, and designed for the committee, as made to all of them. But independent of this consideration, we could not grant a new trial merely on account of the contradiction of a witness, otherwise credible, upon a circumstance of very slight importance in the cause, and especially when that contradiction is by affidavits, taken in his absence. If he had been present, he might have reminded the witnesses of circumstances which would have shown them and not him, to be mistaken as to a fact which he testifies to positively, while they only speak negatively, and in the hurry of business may have forgotten, after the lapse of nearly ten years which intervened, in this case, between the event and their testimony.

We have thus examined, in some detail, the evidence relied on; but we do not think it strictly necessary to have done so, because there is a more general consideration, which would be decisive against granting a new trial; and that is, that if the testimony of Bryant were stricken out of the case, it would not materially vary its legal aspect, under the instructions given to the jury, the correctness of which is not in question. There were, in substance, two inquiries to be made by the jury. The first was, whether Hemmenway had carried on business under cover of Gale's name, but really on his own account, for the purpose of concealing his property from his creditors. None of the newly-discovered evidence bears on this question.

The other question was, whether the property, which was the subject of the suit, was property thus concealed. Upon this question, it was not necessary for the plaintiff to show that every part of it was bought by funds which could be traced as the property of Hemmenway. If the jury were satisfied that, by concert between Gale and Hemmenway, the latter did carry on business in the name of the former, but really on his own account, and that this pretended arrangement was made to conceal Hemmenway's property, and that the goods in question were the stock of that trade, they had a right to infer that funds and profits of Hemmenway were invested in those goods; and if some were purchased on the credit of Gale, that the credit was, as between him and Hemmenway, for the sole benefit of the latter, and that, by force of the agreement between them, the goods, when purchased, were really Hemmenway's goods. In this point of view, it was of but slight importance in the cause, whether, at a certain time, and

from a certain source, Hemmenway had $500, or only a less sum; and therefore it is, that, under no aspect of this evidence, do we deem it to be such as to justify the court in setting aside the verdict.

We have not observed particularly on the affidavit of Sylvester, respecting the $4,000 of assigned accounts said to have been collected by Hemmenway, because it was, very properly, admitted by the defendants' counsel at the argument, that the facts disclosed in this affidavit were within reach at the time of the trial, or might speedily have been obtained. This is manifestly so; for, so far as the affidavit states facts, they are drawn from the books of Hemmenway, which were in his possession; and whatever they contained, upon this subject, was within his personal knowledge. The motion for a new trial must be overruled, and judgment rendered on the verdict.