TERRITORY OF OREGON, Plaintiff, v. WILLIAM LATSHAW, Defendant.

*Indictment for Extortion.—Petition for a new trial.*

Newly discovered evidence to impeach a witness upon a former trial, is not ground for a new trial.

*R. P. Boise*, for plaintiff.

*M. Chinn*, for defendant.

DEADY, J.    At the October term, A. D. 1854, of the District Court for Lane County, the defendant was indicted, tried and convicted of malicious threats against the person of John P. Williams, with intent to extort certain property from the said Williams.    The record was afterwards brought to this court, on error, by the defendant, and at this term the judgment of the court below was affirmed.    The defendant now petitions in this court for a new trial, on affidavit of newly discovered evidence.    The proceeding is founded upon the 6th section, page 247, of the Code.    It authorizes the Supreme Court to "grant a new trial for any cause for which by law a new trial may be granted."    The newly discovered evidence is appended to the petition of the defendant, in the form of affidavits of various persons, and is to the effect that the affiants would not believe the said John P. Williams on oath.    The said Williams was the only witness called and sworn on the trial below.

Without considering the question of diligence on the part of the defendant in not ascertaining this testimony in time to be used on the trial, we think the application for a new trial must be refused.    This evidence all tends to impeach the credibility of the prosecuting witness, and to nothing else.    To entitle a party to a new trial, the evidence "must be ma-

*terial to the issue* joined, material to the point to be decided by the verdict, and not collateral; it must go to the merits of the case, and not to discredit or impeach a former witness." (*State* v. *Carr*, 1 *Foster's* (*N. H.*) *R.* 166.)

The issue to be tried was, whether Latshaw had been guilty of extortion or not. While it was competent for the defendant to show to the jury that the prosecuting witness was more or less unworthy of credit, and thereby lessen the weight of his testimony with the jury, yet the credibility of Williams was not the issue to be tried. It was a collateral question. In deciding motions for new trials, on account of newly discovered evidence, courts have found it necessary to apply somewhat stringent rules, to prevent the almost endless mischief which a different course would produce. In criminal cases, especially, would this be the case.

Petition dismissed.