## FINLEY v. DAVID.

While the supreme court will exercise a supervisory control over the action of the district court, in either granting or refusing new trials, yet in these, as in other cases, the error in the action of the court below, must be made to appear affirmatively.

Where it is apparent from the amount in controversy, and the character of the questions involved, that the court below might reasonably conclude that a new trial was necessary, in order to arrive at the merits of the case; and where it is certified to the supreme court, that the court below, with a full knowledge of all the circumstances, as they transpired at the trial, deemed such second trial necessary, in order to more thoroughly investigate the questions, both of law and fact, the appellate court will not disturb the order granting a new trial.

*Appeal from the Dubuque District Court.*

FRIDAY, OCTOBER 15.

This action was brought to recover four thousand dollars, as money due upon a lease. Trial, and verdict for defendant. Motion for a new trial sustained, and from this order defendant appeals. The other facts appear in the opinion of the court.

*Smith, Poor, Adams & Cram,* for the appellant.

*D. S. Wilson,* for the appellee.

WRIGHT, C. J.—The bill of exceptions recites that the new trial was granted, not because the verdict was contra-

ry to the evidence, but to permit the questions of law and fact to be more thoroughly investigated. No portion of the testimony is made a part of the record; nor is there anything to show what instructions were given. We can only gather from the pleadings, the causes set forth in the motion for a new trial, and the argument of counsel, that some difficult, and somewhat new questions of law were involved in the case. Did the record not show this much, however, we should not be disposed to disturb the order granting a new trial. Where it is fairly apparent from the amount in controversy, and the character of the questions involved, that the court below might reasonably conclude that a new trial was necessary, in order to arrive at the merits of the case; and where it is certified to us, that the court below, with a full knowledge of all the circumstances, as they transpired at the trial, deemed such second trial necessary, in order to more thoroughly investigate the questions both of law and fact, we will not interfere with such order. This court will exercise a supervisory control over the action of the district court, in either granting or refusing a new trial. But in this, as in all other cases, the error in the action of the court, must be made to appear affirmatively. This is not shown in this case. *Reeves* v. *Rozel et al.*, 2 G. Greene, 451; *Jones* v. *Fennimore*, 1 G. Greene, 134; *Trulock* v. *State*, 1 Iowa, 515; *Stewart* v. *Ewbank*, 3 Ib., 191.

Judgment affirmed.