May Term,
1861.

WASHER
v.
WHITE.

*R. H. Hall*, for the appellants.

*J. Coburn*, for the appellee.

---

## WASHER *v.* WHITE and Others.

Payments made by the drawer of a bill of exchange after the dishonor of the bill are, at least, *prima facie* evidence of his liability thereon.

A party is not diligent, who neither attends Court himself, nor procures the attendance of witnesses by the modes known to the law, nor ascertains that his attorney is informed of the grounds of his defense.

*Wednesday,*
*May* 29.

APPEAL from the *Jefferson* Circuit Court.

HANNA, J.—The appellees sued the appellant, as drawer, and one *Thomas*, as acceptor, of a bill of exchange. In two paragraphs of the complaint, it is averred that the bill was duly presented at maturity, and not paid; that it was protested and notice given. In the third that it was not presented, &c., but that *Washer* afterwards promised to pay. Answers were filed by each defendant. *Thomas* subsequently withdrew his, and suffered judgment to be taken. Appellant's answer contained several paragraphs in denial, and one admitting the promise to pay, after dishonor, but averring that it was made in ignorance of the fact of non-presentment. Replication in denial. Trial; finding and judgment for plaintiffs. There is but one assignment of error which we can notice. That brings to our consideration the sufficiency of the evidence to sustain the finding, and the correctness of the ruling of the Court in refusing a new trial on the ground of surprise.

The defendant gave no evidence. The plaintiff introduced the bill of exchange, the certificate of the notary of its presentment and non-payment, depositions upon the point of

notice, and showing payments made by appellant, some time after protest, to more than half the amount of the bill.

The evidence contained in the depositions tends but slightly to prove that notice was given to appellant; but the payments made by him, near six months after the dishonor of the bill, were at least *prima facie* evidence, if no more, of his liability.   Byles on Bills, 203.

We can not disturb the judgment on the ground of the insufficiency of the evidence.

By the affidavits of appellant and *Thomas*, it is shown that appellant was an accommodation drawer; that the payments that were made on the bill, although by the hand of appellant, were of the means of *Thomas;* that the latter would so testify; that he had been subpœned; that he lived within a square and a half of the Court-house, and had promised *Chapman*, the attorney, that he would attend as a witness, but did not do so because he supposed the case would not be tried in the absence of said *Chapman*, who was sick, as he understood, and was the attorney with whom he had communicated in making the defense for said *Washer*. *Chapman's* affidavit states that he was absent at the time of the trial, sick; that he and his partner were the sole attorneys of appellant; that he had the case in charge, and had not communicated the defense to his partner, &c., who tried the case in his absence.

The record does not show that any application was made, to postpone or continue, in consequence of the absence of the attorney.   If the defendant was not prepared for trial, we do not perceive that the necessary degree of diligence had been used to be so prepared.   Certainly a party is not diligent, who neither attends Court himself, nor procures the attendance of witnesses by the modes known to the law, nor ascertains that his attorney is informed of the grounds of his defense.   If, under such circumstances, he is beaten, we can not see why he should be surprised at the result.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*J. W. Chapman*, for the appellant.

*C. E. Walker*, for the appellees.