# HENRY BELL, Admr.

*v.*

# PARKER GARDNER *et al.*

1.  CHANCERY—*new trial at law, on ground of surprise.* Where a plaintiff in an action at law is fully apprised of the defense, it matters not that he is surprised by the character of the testimony, on an application to a court of equity to grant a new trial. If surprised, he should submit to a non-suit, and not experiment with the chances of a favorable verdict.

2.  SAME—*new trial on newly discovered evidence.·* A court of equity will not grant a new trial in an action at law, to enable a party to produce testimony merely cumulative in its character.

3.  SAME—*new trial for unusual haste of court.* If the court, on the trial of a cause at law, commits an error in unusually hastening the trial, the remedy at law is complete by appeal or writ of error, and therefore no ground exists for a court of equity to grant a new trial.

APPEAL from the Circuit Court of DeWitt county; the Hon. CYRUS EPLER, Judge, presiding.

This was a. bill in chancery, originally filed by Elizabeth Ewing, in her lifetime, against Parker Gardner and Joseph Gardner, for a new trial in an action at law. Upon the death of the complainant, Henry Bell, her administrator, was substituted as complainant. The court below dismissed the bill, and the administrator appealed.

Messrs. SWEENEY, MOORE & WARNER, for the appellant.

Messrs. WELDON, DONAHUE & KELLY, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was filed by Elizabeth Ewing. in her lifetime, to obtain a new trial in a common law cause, wherein she. was plaintiff and appellees were defendants. In the original bill, the right to relief seems to be based on two propositions: 1st, that complainant was surprised by the evidence introduced at the trial; and, 2d, that she had since discovered new testi-

mony that materially affects the merits of the cause, and if afforded an opportunity to present it, it would change the result of the suit.

By an amendment to the bill, it is alleged, in general terms, that the verdict was the result of "fraud, accident or mistake," but the particular grievance set forth is, the inconsiderate haste with which the judge of the circuit court required the trial to be conducted. It is charged there was no reasonable opportunity allowed counsel to present plaintiff's cause to the consideration of the jury, nor was she allowed any time, after verdict, to procure affidavits of newly discovered evidence, to be used in support of a motion for a new trial, which, it is alleged, could have been obtained had reasonable opportunity been given for that purpose.

Under no view of the case that can be taken, are we able to perceive any equitable ground of relief. The common law suit between the parties was upon a promissory note. It had been given for the balance due on a lot of sheep. The defense interposed was, the sheep were warranted to be sound, when, in fact, they were unsound.

On the trial of the issue joined, a great deal of testimony was heard. The jury found for defendants. Both parties gave evidence as to the warranty and the soundness of the sheep, and so nearly balanced was the evidence, it is alleged in the bill, as a reason why no appeal was taken, it would have been unavailing. But it is insisted complainant was surprised at the character of the testimony as to the soundness of the sheep. Whether this is true, or not, can make no difference. She was fully apprised of the nature of the defense that would be insisted upon, by the affidavit for continuance on account of the absence of the witness Mills, and if she was not prepared to meet it, she ought to have suffered the cause to be continued. Notwithstanding she was apprised of the nature of the defense, she insisted upon an immediate trial. But aside from this consideration, if the testimony given was of a character so different from anything that could

have been anticipated, being plaintiff, she could have protected her interests by submitting to a non-suit. The law will not permit a party to experiment with the chances of a favorable verdict, but, if unsuccessful, seek relief in a court of equity. Having a complete remedy in her own hands, she ought to have availed of it.

Admitting, as the demurrer does, all that is well pleaded in the bill, still the newly discovered evidence is but cumulative to that given on the former trial. It is not of a conclusive character. Should it be produced, there would still be a conflict in the evidence on the vital points in the case, and so far as can be known, the jury might, with the additional evidence before them, find the same way. It has never been the rule, that a court of equity would grant a new trial in a cause at law, to enable a party to produce testimony merely cumulative to that previously given. The cases in this court are decisive of this question. *Walker* v. *Kretsinger*, 48 Ill. 502; *Sulzer* v. *Yott*, 57 Ill. 164; *Bowen* v. *Rutherford*, 60 Ill. 41.

Whatever errors, if any, the court may have committed in unreasonably hastening the trial of the cause, could only be reviewed on appeal to this court. Exceptions should have been taken to the rulings of the court, and preserved, according to the usual practice, in a bill of exceptions. Had this been done, and the action of the court appeared to have been erroneous, a remedy would have been afforded, but it is by appeal, and not by a resort to a court of equity. Complainant has sought the wrong forum. Her remedy was alone in the common law courts. No necessity for the equitable interference of the court is shown.

The bill was properly dismissed, and the decree must be affirmed.

*Decree affirmed.*