CITY OF VIRGINIA
v.
JACOB DUNAWAY.

1. CHANCERY JURISDICTION.—A court of equity will not set aside a judgment at law unless the complainant has been prevented from making his defense by fraud, accident or mistake, nor unless he has used reasonable diligence.

2. REMEDY AT LAW.—If the court in this case erred in assuming jurisdiction, the error, if not waived or cured, could have been corrected by an appeal or writ of error, and thereby an adequate remedy was available without resort to a court of chancery, where appellate functions are not exercised.

ERROR to the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed October 5, 1885.

Mr. A. A. LEEPER, for plaintiff in error.

Mr. W. P. CALLON, for defendant in error.

WALL, P. J. The defendant in error filed his bill in chancery against the plaintiff in error, alleging that at the August term, 1876, of the Circuit Court of Cass county, the plaintiff

in error brought an action at law against the defendant in error, upon a pretended subscription of $500, for the purpose of erecting the present county court house, but that prior to said suit his liability to pay said subscription had been released by the plaintiff in error ; that at said August term the defendant in error brought his action at law against the plaintiff in error for services rendered, money expended, etc., and that at the special October term the whole controversy was by stipulation referred to arbitrators, and the suit first mentioned was stricken from the docket with leave to reinstate, the other case having been dismissed by the plaintiff therein. The bill further alleged that soon after the reference was made the defendant in error went temporarily to Kansas, and while he was so absent, and more than two years after the cause had been so referred, and without notice to him or to any one acting for him, the said suit was re-docketed, the order of arbitration set aside, and at the February term, 1881 the cause was tried and judgment was rendered against him for $740 ; that the motion to set aside said reference was supported by false affidavits with regard to the action of the arbitrators, and the failure of the defendant in error to appear before the said arbitrators. The bill charged that the action of the court in resuming jurisdiction of the case and rendering judgment therein was fraudulent, illegal and unjust, and prayed for an order vacating the judgment and for general relief. The answer to the bill denied that the complainant had ever been released from his liability on the subscription ; alleged that two of the arbitrators met for the purpose of hearing the matter referred to them, but that the complainant and the other arbitrator, though notified, did not appear, and that a second meeting was arranged with like result; that after the cause was re-docketed, the complainant, by his attorney, waived a trial by jury, and by consent the case was submitted by the court, and judgment was rendered as alleged in the bill. The cause was heard on bill, answer and proofs, and a decree was entered setting aside said judgment and reinstating the order of reference to arbitrators. The certificate of evidence upon which this decree is based contains the files and orders of the

suit at law as stated in the bill and answer, and the affidavits of Whitlock & Tinney in support of the motion ; an order allowing the defendant in that suit to file an additional plea, which was held bad on demurrer; an order showing that the parties waived a jury and agreed to try the cause by the court; the judgment at the February term, 1881, and a stipulation of facts by the parties, to the effect that arbitrators, naming them, were appointed by the court as alleged in the bill, and that two of them went to the county seat for the purpose of hearing the case ; that the third arbitrator, the complainant, Dunaway, and his attorney, were absent, though the two latter were notified, and the arbitrators never did convene as a board, and that Dunaway was absent from the State for the length of time set out in the answer, viz., about three years.

Error is assigned upon this decree.

A court of equity will not set aside a judgment at law, unless the complainant has been prevented from making his defense by fraud, accident or mistake, nor unless he has used reasonble diligence.   Allen v. Smith, 72 Ill. 331.

If the action of the court complained of is subject to review in an appellate tribunal, the remedy at law is complete, and there is no occasion to resort to a court of equity.   Bell v. Gardner, 77 Ill. 319.   A court of equity will not enjoin a judgment at law merely on the ground of a want of jurisdiction of the defendant, but it must appear also that the defendant did not owe the plaintiff, and that on another trial a different result would be obtained.   "The right to enjoin is because that which is claimed to be owed is in equity not owed, and not because of the form it is made to assume."   Colson v. Leitch, 110 Ill. 504.   In the case last cited the Supreme Court quote the statute, Ch. 69, Sec. 7, which provides that " only so much of any judgment at law shall be enjoined as the complainant shall show himself equitably not bound to pay, and so much as shall be sufficient to cover cost," as conclusive against the claim then under consideration.   In the case before us there is an utter want of proof that the complainant did not equitably owe the amount of the judgment in question. It was alleged in the bill that he had been released from lia-

City of Virginia v. Dunaway.

bility upon the subscription, but this was denied by the an-
swer, and there is no testimony in support of the allegation.
Sprague v. Lux, 12 Bradwell, 271.   Nor is there any proof that
there was fraud, accident or mistake upon which relief in
equity can be predicated.   It is not even shown that the af-
fidavits, in support of the motion to set aside the reference
and reinstate the case, are untrue.   The allegation on this sub-
ject is the only charge in the bill upon which the idea of fraud
can rest, and without determining whether it is sufficient as
laid, it is enough to say that it is not proved.   It is alleged
that complainant was not aware of the proceedings after the
case was referred to arbitrators.   It seems, however, that his
attorney of record was present when the motion to reinstate
was allowed; that he subsequently asked and obtained leave
to file an additional plea, and that at a later term of court he
still represented the complainant, appearing for him and con-
senting to a trial by the court without a jury.

It is not to be presumed that this was without the authority
of the complainant.   On the contrary, in the absence of proof,
the presumption would be that he had authority, and if so the
alleged error of the court in resuming jurisdiction of the case
was waived and cured by the act of his attorney in proceeding
to trial without objection.

The conduct of the complainant in regard to the case after
it was referred is characterized by great indifference, if not
negligence, and it would seem that if he had given the busi-
ness such attention as its importance demanded, and such as a
man of ordinary prudence would have given it, he could not
have been ignorant of the subsequent proceedings.   Finally,
if it be assumed, as argued, that the court erred in resuming
jurisdiction, the error, if not waived or cured, could have
been corrected by an appeal or writ of error, and thereby an
adequate remedy was available without resort to a court of
chancery where appellate functions are not exercised.

The decree will be reversed and the cause remanded.

Reversed and remanded.