Gee v. Moss.

ON REHEARING.

6. ———: presumption that notice to redeem was served on a living person.

The petition for rehearing is

OVERRULED.

## GEE v. MOSS.

1. **Instructions**: REPETITION NOT REQUIRED. When the court has properly instructed the jury on a given point, it is not error to refuse to repeat the thought in an instruction asked by one of the parties.

2. ———: MUST BE CONSIDERED TOGETHER. A cause will not be reversed on the ground that one of the instructions given was not sufficiently full and explicit, when other instructions given so fully covered the ground that the jury could not have been misled as to the law of the case.

3. ———: RELEVANCY TO ISSUES: ACTION FOR FALSE REPRESENTATIONS. In an action for false representations, leading to the purchase by plaintiff of certain corporation stock, an allegation by plaintiff that the

defendant knowingly made a false statement that the corporation was free from indebtedness was, in effect. a charge that he fraudulently concealed the facts of its indebtedness, and justified an instruction that "to knowingly conceal a material fact in such matters, when it is a legal duty to make it known, would be a fraud."

4. **Estoppel**: CONDUCT OF PLAINTIFF SUBSEQUENT TO ACT COMPLAINED OF. In an action to recover for false representations leading to the purchase of depreciated corporation stock by plaintiff, the fact that plaintiff *afterwards* assisted in making an invoice of the effects of the corporation, by which it was made to appear that the corporation was solvent and the stock valuable, did not estop him from denying the truthfulness of such invoice, and showing the very truth as to the value of the stock when he was induced to purchase it.

5. **False Representations**: ACTION FOR: NEGLIGENCE OF PLAINTIFF: RELIANCE ON DEFENDANT'S STATEMENTS: INTIMACY OF PARTIES: QUESTION FOR JURY. One who has been misled to his damage by the false representations of another cannot recover therefor unless he himself acted with that degree of care and prudence which characterizes the conduct of ordinarily careful men in the management of their affairs; and whether or not the degree of intimacy existing between the parties justified the plaintiff in accepting defendant's statements as true was a question for the jury, and not for the court.

6. **New Trial**: ABSENCE OF WITNESS: NEGLIGENCE IN NOT MOVING FOR CONTINUANCE. Where defendant knew before the trial was commenced that one of his witnesses was sick and would not be present, but made no motion for a continuance on that account, but went to trial without the witness, *held* that he was not entitled to a new trial in order to have the benefit of the testimony of such witness. *Smith v. State Ins. Co.*, 56 Iowa, 487, distinguished.

7. **False Representations**: ACTION FOR: FACTS TO BE ESTABLISHED: BURDEN OF PROOF. In the argument of the first and second points of this case, it is, by implication, *held* that, in an action for damages by false representations, the plaintiff has the burden of proof to establish that the defendant made representations as claimed; that they were false; that defendant at the time knew that they were false; that he made them with the intent to mislead the plaintiff; that the plaintiff relied thereon and was misled thereby; that the plaintiff exercised ordinary care and prudence to inform and protect himself; and that he sustained damages as the result of the false representations.

*Appeal from Des Moines District Court.*

WEDNESDAY, MARCH 17.

PLAINTIFF brought this action to recover damages on

account of certain alleged false and fraudulent representations made by defendant concerning the business and financial condition of the Burlington Shirt & Steam Laundry Company, an incorporation of which he was an officer and member, by which plaintiff was induced to purchase twenty-four shares of the capital stock of said corporation and pay therefor the par value thereof, which was $2,400. There was a verdict and judgment for plaintiff. Defendant appeals.

*J. T. Illick*, for appellant.

*D. M. & N. S. Hammack* and *Poor & Baldwin*, for appellee.

REED, J.—It is alleged in the petition that defendant, for the purpose of inducing plaintiff to purchase said shares of stock, represented to him that the corporation was solvent and free from debt, and had on hand a stock of goods worth several thousand dollars, which were paid for, and that its business was in a prosperous condition, and its capital stock was worth $100 per share, and that plaintiff, relying on these representations, purchased twenty-four shares of said stock, and paid $2,400 therefor. It is also alleged that at the time these representations were made defendant was the treasurer of the company; that the representations were all false, and were known by defendant to be false, when he made them; and that the corporation at the time was indebted in the sum of $6,000, and was insolvent, and its stock was not worth more than twenty-five per cent of its par value. The answer admits that plaintiff purchased the stock, and that defendant was the treasurer of the company at the time of such purchase, but denies the other allegations of the petition.

There was evidence tending to prove that defendant made representations to plaintiff concerning the property and business of the corporation substantially as charged in the petition, and that these representations were made for the purpose of inducing him to purchase the stock, and that he relied

upon them in making the purchase. There was also evidence from which the jury were warranted in finding that at the time the representations were made the corporation was indebted to a bank in the sum of $3,000 for money which had been borrowed for use in its business, and that a considerable portion of its assets consisted of promissory notes which had been executed to it by some of the stockholders for the stock they had taken; and these facts were not disclosed to plaintiff at the time he was induced to purchase the stock, although known to defendant at the time. A few months after plaintiff made the purchase, he ascertained that the corporation was insolvent, and he then sold his stock at twenty-five cents on the dollar of its par value; and defendant, and other stockholders, at about the same time, disposed of their stock at the same price. The evidence also tends to prove that no material change had taken place in either the business or property of the company between the time of plaintiff's purchase of the stock and these sales.

I. Defendant asked the district court to instruct the jury that "the burden of proving the allegations of fraud and

1. INSTRUC-
TIONS: repe-
tition not re-
quired.

misrepesentation in the petition was on the plaintiff, and that these allegations must be affirmatively established by the evidence, and could not be presumed from any acts which could fairly be accounted for on the basis of good faith; and that fraud could not be imputed when the facts upon which the charge is predicted are or may be consistent with honesty of intention." The refusal of the court to give this instruction is the ground of the first assignment of error argued by counsel for appellant. The correctness of the instruction, as an abstract proposition, is not doubted. We think, however, that appellant was in no manner prejudiced by the refusal of the court to give it, for the reason that substantially the same doctrine was announced in the instructions given by the judge on his own motion.

In the fourth instruction given, the jury were told that

" the presumption, in a case of this kind, is that the transaction was fair and honest, and the burden of proof is on the plaintiff; and, to succeed, he must show that defendant made representations as claimed, and that they were false and untrue, and that the defendant at the time knew it, and made them to induce the plaintiff to purchase the stock; and that plaintiff was induced thereby to make the purchase of said stock relying upon the representations as true, and that he, in doing so, exercised ordinary care and prudence; and that he sustained damages; and, if he establishes these propositions by a fair preponderance of the evidence, your verdict must be for plaintiff; but if he has not established these propositions, then your verdict must be for the defendant." While this instruction does not, in terms, express the rule that fraud will not be imputed where the facts on which the charge is predicated are consistent with honesty of intention, it does tell the jury that plaintiff cannot recover unless he has proven that the representations complained of were made by defendant with an actual intent to deceive and defraud; and this is substantially the doctrine of the one asked by defendant.

II.　The court, in another instruction, told the jury that "for an officer of a corporation to knowingly make a false representation of a material fact or facts concerning the condition of the affairs of the corporation to a party, to induce him to purchase capital stock therein, would be fraud, for which such officer would be individually liable; or to knowingly conceal a material fact in such matters, when it is a legal duty to make it known, would be a fraud; and it is incumbent on the party charging the fraud to prove it; and the law will not presume fraud, and, to succeed, the party alleging fraud must show that he relied on the statements and representations, and that he was reasonably vigilant and careful, and not careless, in entering into the transaction."

2. ——: must be considered together.

The giving of this instruction is assigned as error. The first objection urged against it is that it does not make the

fact that plaintiff must have been induced by the alleged
misrepresentations to make the purchase of the stock an ele-
ment of his right to recover.    The language of the instruc-
tion is that " the party alleging the fraud must show that he
relied on the statements or representations."    It is contended
that plaintiff may have relied on defendant's statements; that
is, that he may have believed them to be true, and yet not
have been induced by them to make the purchase.    It is
doubtless true, as contended by counsel, that plaintiff was
required to show, before he would be entitled to recover, that
he was induced by the alleged false representations to make
the purchase; and, as there was evidence tending to prove
that he was influenced to some extent in making the purchase
of said stock by another consideration than the representa-
tions of defendant, the latter had the right to have an accurate
statement made to the jury of the grounds upon which he
could be held liable.    But we do not deem it material to
inquire whether the language of the instruction quoted above
defines that ground of liability with sufficient accuracy
or not; for in the fourth instruction, which is set out above,
the jury were expressly told that one of the facts which
plaintiff was required to establish before he could recover
was that he relied upon the representations as true, and was
induced by them to purchase the stock; and the same rule is
stated in other of the instructions given. · Taking the several
instructions together, the jury could hardly have failed to
understand that plaintiff was not entitled to recover unless
he had proven that he was induced by the representations of
defendant to purchase the stock.

Another objection urged against the instruction is that the
following clause, viz: " To knowingly conceal a material
fact in such matters, when it is a legal duty to
make it known, would be fraud,"—is not perti-
nent to any issue in the case.    It is contended
that the petition does not charge that plaintiff
was guilty of any fraudulent concealment, and that the

3. ———: rel-
evancy to
issues: action
for false rep-
resenta-
tions.

instruction, therefore, submits to the jury a question which does not arise under the pleading. But it is alleged in the petition that one of the representations made by defendant was that the corporation was free from debt, while the truth was that it was indebted to the amount of about $6,000. It is also alleged that he knew the falsity of the statements he was making. To say that he knew that his statement that the company was free from debt was false, is equivalent to saying that he knew it was indebted. The allegation that he made the alleged false statement as to its freedom from indebtedness, then, is in effect a charge that he fraudulently concealed the fact of its indebtedness.

III.   Soon after plaintiff purchased the stock he entered the employ of the corporation as a salesman, in a store owned by it, and while in such employment he assisted in preparing a statement to the stockholders showing the resources and liabilities of the company. This statement showed that the value of the assets of the company exceeded its liabilities by over $18,000.   It was prepared by plaintiff and two other employes or officers of the company, in the course of their employment, and was made for the information and guidance of the shareholders.   Defendant asked the court to instruct the jury that plaintiff, having assisted in the preparation of this report, was now estopped to deny its truth. But the court refused to give such instruction.   We think this ruling is clearly right.   As against one who had so acted on the strength of this report as to change his position with reference to the subject of it, plaintiff would not be permitted to deny its truth.   But the transaction in question was completed before the report was made, and was in no manner influenced by it.   It therefore created no element of estoppel in defendant's favor, and affords no ground for excluding evidence as to the very truth of the matters in question.

*4. ESTOPPEL: conduct of plaintiff subsequent to act complained of.*

IV.   The evidence showed that the parties had been acquainted for a number of years.   They were members of

**5. FALSE representations: action for: negligence of plaintiff: reliance on defendant's statements: intimacy of parties: question for jury.** the Ancient Order of Workmen, also of the order of Masons, and frequently met in the lodges of those orders. Defendant is a physician, and in his practice had treated some of plaintiff's relatives. The court instructed the jury, in effect, that plaintiff was not entitled to recover unless he had shown that he exercised reasonable care and diligence to ascertain the condition of the corporation before purchasing the stock; and that, ordinarily, a person who invested his money in the stock of a corporation, relying alone on the representations of an officer of the company as to its condition, would have no remedy against the officer if it turned out that the representations were false; and that plaintiff, as he claimed to have acted alone on defendant's representations in making the purchase, could not recover unless there existed such a degree of intimacy between the parties as justified him, as a reasonably prudent man, in accepting the statements as true without further inquiry, and acting upon them. The objection urged by counsel for appellant against this instruction is that it fails to present any rule as to the degree of intimacy between the parties which would justify plaintiff in accepting and acting on the representations. It is a sufficient answer to this objection to say that the question whether plaintiff acted with reasonable prudence and care, in accepting and acting on the representations of defendant, was one of fact for the jury. The rule of law laid down in the instruction is that, unless he acted with that degree of care and prudence which characterizes the conduct of ordinarily careful men in the management of their affairs, he could not recover. But whether he did this was to be determined by the jury from all the circumstances of the transaction. It cannot be said, as a matter of law, that any degree of intimacy between the parties would or would not justify plaintiff in accepting defendant's statements.

V. The motion for a new trial was supported by an affidavit, by which it was shown that an important witness for defend-

**6. NEW trial: absence of witness: negligence in not moving for continuance.** ant, who expected to be present at the trial, was taken sick, in the state of Arkansas, a few days before the commencement of the trial, and was prevented by sickness from reaching the place of trial in time to give his testimony. It is also shown that defendant was informed on the day on which the trial commenced of the sickness of said witness, and that he would not be able to attend the trial; but no motion was made for a continuance on account of his absence. We are of opinion that the matters shown by this affidavit afford no ground for a new trial. If defendant had moved for a continuance when he was advised that the witness could not be in attendance, his motion would probably have been sustained. He saw fit, however, to take the chances of a trial in the absence of the witness. Having made this election, he is not now entitled to a retrial of the cause because he did not have the benefit of his testimony. The facts of the case are very different from those of *Smith v. State Ins. Co.*, 58 Iowa, 487, cited by counsel.

AFFIRMED.