# Hoskins v. Hight.

*Action on Promissory Note, by Payee against Maker.*

1. *New trial, on ground of accident, mistake, or surprise.*—When a party applies for a new trial in an action at law, on the ground of accident or mistake operating a surprise, such as the failure to summon material witnesses, which was not discovered until the cause was called for trial, or after the trial was begun, he must show that he then moved for a continuance, or took other proper steps to postpone the trial until the attendance of the absent witnesses could be procured.

2. *Same.*—A new trial should not be granted on account of the absence of material witnesses who were never summoned, where it appears that the clerk was never instructed to summon them; and it is immaterial whether the failure to so instruct the clerk was the fault of the party himself, his attorney, or his attorney's clerk.

APPEAL from the City Court of Anniston.
Tried before the Hon. B. F. CASSADY.

BLAKWELL & KEITH, for appellant, cited *White v. Ryan*, 31 Ala. 400; *Shields v. Burns*, 31 Ala. 535; 16 Amer. & Eng. Encyc. Law, 533–4.

CALDWELL & JOHNSTON, *contra*.

STONE, C. J.—This appeal is taken from the rulings of the lower court in granting to defendant a new trial. Demurrers being sustained to several grounds of the motion for a new trial, only the second ground of said motion remained, and it was upon this ground the court granted the new trial. The defendant was, therefore, granted a new trial, because "he was prevented from making his defense thereto by accident or mistake, and without fault on his part." The only evidence contained in the record is that introduced on the motion for a new trial; and this evidence consisted of affidavits of the defendant, his counsel, and a clerk in the latter's office. The defendant's affidavit sets out the facts that constitute his defense to the suit. His attorney's affidavit averred that, upon the defendant stating to his firm the matter of his defense, and giving him the names of the witnesses by whom this defense was to be proved, the "affiant's recollection is that, before the trial of

[Hoskins v. Hight.]

said cause, he instructed W. P. Archer, a young man in the
employ of said firm, to have the clerk of the City Court
[the court in which the cause was pending] issue subpœnas
for said witnesses to be present at the trial, and affiant's
first information that they were not subpœnaed was when
the case was called for trial." The affidavit of W. P. Archer
was, that he had no recollection as to any instructions to
have the clerk of the City Court to subpœna the desired
witnesses, "and he took no steps to have such subpœnas
issued." The only proceedings had in the trial of the case,
that are shown by the record, are the filing of the summons
and complaint, the filing of a plea by defendant, through his
counsel, setting out his defense to the suit, and the render-
ing of judgment by the court. This judgment, as set out
in the record, is as follows : "Came the parties by attorneys,
and plaintiff withdraws his replication to defendant's plea ;
and this cause being submitted to the court, after proof
shown, it is considered by the court that the plaintiff recover
of the defendant," &c.

We have taken the trouble to set the facts out in detail, in
order that our ruling may be the more clearly understood.
The appeal is taken under authority of the act "to allow
appeals to the Supreme Court from decisions of the City
and Circuit Courts in this State, granting or refusing to
grant motions for new trials," approved February 16, 1891.
Acts 1890–91, p. 779. Our authority for reviewing the ruling
of the lower court in this case, by which he granted a new
trial, is given in the last clause of the said act, in the fol-
lowing language : "And the Supreme Court shall have the
power to grant new trials, or to correct any errors of the
Circuit or City Court in granting or refusing the same."

The power to set aside verdicts and grant new trials is
inherent in our courts of common-law jurisdiction ; and in
the exercise of this power the court is called upon to use its
equitable discretion to prevent a palpable and material
wrong. As said by CLOPTON, J., in *Cobb v. Malone*, 92 Ala.
630, "The power is essential to prevent irreparable injus-
tice, in cases where a verdict wholly wrong is the result of
inadvertence, forgetfulness, or intentional or capricious dis-
regard of the testimony, or of bias or prejudice, on the part
of juries, which sometimes occurs."

When, in the exercise of this inherent power, the trial
court grants a new trial, the presumption is that it has right-
fully used its discretion ; but, if the contrary appears, and
it is plainly shown that the trial court has abused its power,
this discretion, being judicial in its character, should be

revised on appeal.—*Edsall v. Ayres*, 15 Ind. 286: *Lloyd v. McClure*, 2 Greene (Iowa), 139; *Frieley v. David*, 7 Iowa, 3.

The grounds upon which a new trial may be granted are as varied as the circumstances of each individual case.   In the exercise of a sound discretion, the court must consider the particular surroundings, and have special regard to the equitable demands of each separate case.   But text-writers and different courts recognize many different grounds for the granting of new trials.   Surprise and mistake are placed in this category; and there are many instances where new trials have been granted, because one party to a suit has been taken by surprise, or has been prejudiced, on account of a mistake or inadvertence for which he was not responsible, and which was not occasioned in any way by his negli-- gence.   No doubt it was intended that the ground upon which the new trial in this case was asked and granted should receive its force and efficacy from this division of the causes that justify such equitable interposition by the court. We shall so consider it; for the ground as stated in the motion is, that the defendant "was prevented from making his defense thereto by accident or mistake, and without fault on his part."

In order to obtain a new trial on the ground of mistake and surprise, there are certain requirements which must be fulfilled as conditions precedent to the exercise by the trial court of this discretion.   It must be shown that the surprise or mistake occurred in reference to some matter material to the issue involved; that injury resulted therefrom, and that the party asking for a new trial has not been guilty of negligence or fault in the premises.—*Beadle v. Graham*, 66 Ala. 102; *Brooks v. Douglass*, 32 Cal. 208; *Jackson v. Worford*, 7 Wend. 62; *Huber v. Lane*, 45 Miss. 608; *Walker v. Kretsinger*, 48 Ill. 502; *Fretwell v. Laffoon*, 77 Mo. 26; 16 Amer. & Eng. Encyc. Law, p. 532.

The first duty of a party surprised at the trial, or upon the discovery of a mistake that will prejudice his interest, is to take proper legal steps to continue or delay the cause; for "he can not neglect this in the hope of securing a verdict in spite of the surprise (or mistake), and then obtain a new trial."   In the case of *Shipp v. Suggett*, 9 B. Monroe (Ky.) 5, the court observed:   "The correct practice in such case is for the party at once, upon the discovery of the cause, during the progress of the trial, which operates as a surprise on him, to move a continuance or postponement of the trial, and not attempt to avail himself of the chance of obtaining a verdict on the evidence he has been able to

introduce, and if he should fail, then to apply for a new trial on the ground of surprise. To tolerate such a practice would have the effect of giving to the party surprised an unreasonable and unfair advantage, and tend to an unnecessary and improper consumption of the time of the court." We approve this language, and announce the rule, that before a party can be granted a new trial on the ground of surprise and mistake, which was known or discovered before or during the trial, he must first move for a continuance, or take such legal steps to postpone the trial of the cause as the circumstances of the particular case may require. *Washer v. White*, 16 Ind. 136; *Young v. Com.*, 4 Gratt. 550; *Gee v. Moss*, 69 Iowa, 709; *Wells v. Sanger*, 21 Mo. 354; *Rogers v. Hine*, 1 Cal. 429; *Bell v. Gardner*, 71 Ill. 319; *Doyle v. Sterga*, 38 Cal. 459; *Dewey v. Frank*, 62 Cal. 343; 16 Am. & Eng. Encyc. of Law, p. 533. This motion for a continuance, or effort to postpone the trial, is affirmative matter, and should, therefore, appear of record. In its absence, this court can not presume such motion or effort was made; and the cause must be considered in the light of such facts and matters of record as appear in the transcript. This conclusion is decisive of the only question presented by this appeal, for no motion for a continuance, nor any effort to postpone the trial, was made when the absence of the important witnesses was discovered. The trial court should not have granted the motion for a new trial, under the circumstances shown in the record.

We could rest our opinion here; but, considering that this phase of the question has never before been presented to us for review, we deem it best to decide the correctness of the lower court's ruling in granting a new trial upon the ground stated in the opinion, and the evidence produced to substantiate such ground.

The accident or mistake that prevented the defendant from making his defense, was the absence of certain witnesses, whose names he had given to his counsel to have summoned. These witnesses were never subpœnaed, and this is, no doubt, at least one of the reasons they were absent. These witnesses were not subpœnaed by reason of the mistake or negligence of defendant or his counsel, whose recollection was that counsel directed his clerk to have the clerk of the court subpœna the witnesses. The clerk had no recollection of any such direction, and never instructed the clerk of the court to subpœna the said witnesses.

While it is true that a new trial may be granted to a party who was deprived of the benefit of the evidence of a witness

[Ex parte Sayre.]

who was excusably absent, and whose testimony would have probably affected the result, yet, in order to claim the benefit of a new trial on this ground, it must, as a general rule, be shown that the witnesses had been regularly summoned, and that their absence was not caused through the negligence of the party asking for a new trial. As said in 16 Amer. & Eng. Encyc. of Law, 541, "It is a general rule, that a new trial should not be granted on account of the absence of witnesses, when a continuance has not been asked for, or the absence of witnesses is caused by any form of neglect by the party applying for a new trial."—*Huhland v. Sedgwick*, 17 Cal. 123 ; *Tilden v. Gardiner*, 25 Wend. (N. Y.) 663; *Love v. Breedlove*, 75 Tex. 649 ; *Gee v. Moss*, 68 Iowa, 318 ; *Young v. Com.*, 4 Gratt. (Va.) 550 ; *Wells v. Sanger*, 21 Mo. 354 ; *Rogers v. Hine*, 1 Cal. 429.

The result is the same, whether the absence of the witnesses was caused by the mistake or negligence of the party, or of his attorney. "The mistake or negligence of the attorney appearing for the party to a suit is the mistake or negligence of the party ; and no new trial will be allowed where such mistake arises from negligence or lack of skill."—*Handy v. Davis*, 38 N. H. 411; *Heath v. Marshall*, 46 N. H. 40. The failure to make defense to a suit, by reason of a mistake of the defendant or his counsel, caused by negligence, can not justify the granting of a new trial, it matters not how effective or just the defense may be.—16 Amer. & Eng. Encyc. of Law, 549, n. 4.

Under the principle above' announced, the judgment of the City Court granting a new trial is reversed, and a judgment is here rendered overruling the defendant's motion for a new trial.

Reversed and rendered.