Decided 24 October, 1898.

STATE *v.* GARDNER.

[ 54 Pac. 809 ]

1. CRIMINAL LAW — JURISDICTION OF CIRCUIT COURT.— The provision of laws, 1893, p. 63, dividing the third judicial district into two departments is directory only, and under the clause permitting any business of the court to be done in either department in which either judge may act the judge of department No. 1 may preside in a criminal proceeding although the act provides that criminal proceedings shall be heard and determined in department No. 2: *Baisley* v. *Baisley*, 15 Or. 183, applied.

2. BILL OF EXCEPTIONS — PART OF EVIDENCE — PRESUMPTION.— When the bill of exceptions does not contain all the testimony it will be presumed that the verdict was supported by the evidence, and that it is according to law.

3. New Trial — Discretion of Court. — Motions to set aside verdicts and for new trials for insufficiency of the evidence are discretionary and the orders thereon are not appealable: *State* v. *Foot You*, 24 Or. 61, approved.

4. New Trial — Surprise. — Where a party did not move for a continuance at the time an alleged surprise occurred, but waited until after a verdict, he waived the objection.

5. Newly Discovered Evidence. — A new trial will not be granted on the ground of newly discovered evidence where such evidence merely tends to impeach the adversary's witnesses: *Territory* v. *Latshaw*, 1 Or. 146, applied.

From Marion : Geo. H. Burnett, Judge.

L. F. Gardner appeals from a conviction for rape.

Affirmed.

For appellant there was a brief over the name of *Robert J. Hendricks,* with an oral argument by *Messrs. Hendricks* and *Tilmon Ford.*

For the state there was a brief over the names of *Cicero M. Idleman,* attorney-general, *Samuel L. Hayden,* district attorney, and *John H. McNary,* with an oral argument by *Messrs. Idleman* and *McNary.*

Mr. Justice Moore delivered the opinion.

The defendant, L. F. Gardner, was convicted of the crime of rape, alleged to have been committed by having sexual intercourse with one Mabel Hitchman, a female under the age of sixteen years ; and, having been sentenced to imprisonment in the penitentiary for the term of seven years, he appeals, assigning as error the action of the trial court in refusing to grant a new trial on the ground of surprise, newly discovered evidence, insufficiency of the evidence to support the judgment, and because the verdict is against law.

1. As a preliminary matter, it is insisted that the judge before whom he was convicted had no authority to

preside at his trial, and that the judgment is void, and should be set aside. The question presented for consideration involves a construction of an act of the legislative assembly providing for an additional circuit judge for the Third judicial district of the State of Oregon. Laws 1893, p. 63. The business of the court in said district is divided into departments, numbered 1 and 2, respectively, and the act in question provides that all criminal proceedings, except as otherwise provided therein, shall be heard and determined in department No. 2, but that it shall be lawful to do any business of said court in either department in which either judge may act. The record shows that Hon. George H. Burnett, judge of department No. 1, presided at defendant's trial, and pronounced the sentence which was imposed; but it nowhere appears that the indictment was returned into or that the trial was had in said department. The defendant's counsel, in support of their motion for a new trial, filed affidavits in which the title of the court is given as "Department No. 1," and the briefs on file also contain the same recital, but there is nothing further in the record to show that Judge Burnett was not holding court in place of Hon. H. H. Hewitt, the judge of department No. 2, or that the cause had not been properly transferred to department No. 1. In *Baisley* v. *Baisley*, 15 Or. 183 (13 Pac. 888), it is held, in effect, that, notwithstanding the legislative assembly may create several departments of the same court, there can be but one circuit court in each judicial district, and that under section 9 of article VII of the constitution of Oregon the jurisdiction of causes is vested in the court, and not in any particular judge or department thereof. Inasmuch as the act under consideration renders it lawful to do any of the business of the court in either department, it is manifest that the clause providing for such division is directory only,

and that Judge Burnett had authority to try the case at bar.

2. Considering the errors assigned in reverse order, the bill of exceptions does not purport to contain a transcript of all the testimony introduced at the trial, and, this being so, it must be presumed that the verdict is supported by the evidence, and that the judgment is according to law.

3. It has been repeatedly held in this court that a motion to set aside a verdict, or for a new trial for insufficiency of the evidence, is addressed to the sound discretion of the trial court and that its ruling thereon cannot be assigned as error on appeal: *Bowen* v. *State*, 1 Or. 271; *State* v. *Fitzhugh*, 2 Or. 227 ; *State* v. *Wilson*, 6 Or. 428 ; *State* v. *McDonald*, 8 Or. 113 ; *State* v. *Drake*, 11 Or. 396 (4 Pac. 1204); *State* v. *Becker*, 12 Or. 318 (7 Pac. 329); *State* v. *Mackey*, 12 Or. 154 (6 Pac. 648); *State* v. *Roberts*, 15 Or. 187 (13 Pac. 896); *State* v. *Clements*, 15 Or. 237 (14 Pac. 410); *State* v. *Foot You*, 24 Or. 61 (32 Pac. 1031, and 33 Pac. 537).

4. Assuming, however, that error can be predicted upon the refusal of the court to set aside the verdict and grant a new trial, we will consider the case as made by the record. The affidavits in support of the motion for a new trial show that Mabel Hitchman testified at defendant's preliminary examination, and also before the grand jury, that the crime was committed May 20, 1897, and the indictment so alleged the fact. At the trial, however, she testified that the overt act occurred a month earlier, and this change is the surprise of which the defendant complains, and which his counsel insist affords ground for a new trial. At the time the testimony was so given, no motion for a continuance was made, and de-

fendant waited until after the verdict was rendered before making any effort to guard against the effect of the alleged surprise. The rule is well settled that to entitle a party to have a judgment set aside on account of surprise, it must appear he immediately applied for a postponement of the trial when the surprise occurred, and that he cannot speculate upon the chances of obtaining a favorable verdict, and, after having failed in this respect, urge as a ground for a new trial any matter that occurred at the trial, and was known to, but waived by, him : 16 Am. & Eng. Enc. Law, 532 ; *Beadle* v. *Graham's Adm'r*, 66 Ala. 102 ; *Rogers* v. *Huie*, 1 Cal. 429 (54 Am. Dec. 300) ; *Brooks* v. *Douglass*, 32 Cal. 208 ; *Doyle* v. *Sturla*, 38 Cal. 456 ; *Dewey* v. *Frank*, 62 Cal. 343 ; *Carr* v. *Gale*, 1 Curt. 384 (Fed. Cas. No. 2,433) ; *Young* v. *Com.*, 4 Grat. 550 ; *Walker* v. *Kretsinger*, 48 Ill. 502 ; *Bell* v. *Gardner*, 77 Ill. 319 ; *Washer* v. *White*, 16 Ind. 136 ; *Gee* v. *Moss*, 68 Iowa, 318 (27 N. W. 268) ; *Haber* v. *Lane*, 45 Miss. 608 ; *Wells* v. *Sanger*, 21 Mo. 354 ; *Shipp* v. *Suggett*, 9 B. Mon. 5 ; *Hoskins* v. *Hight*, 95 Ala. 284 (11 South. 253) ; *Baker* v. *Boon*, 100 Ala. 622 (13 South. 481) ; *Oliver* v. *Herron*, 106 Ala. 639 (17 South. 387) ; *Jackson* v. *Warford*, 7 Wend. 62.

5. The newly discovered evidence relied upon as a ground for a new trial consists in the testimony of the grand jurors which tends to contradict the testimony of Mabel Hitchman to the effect that she testified before the grand jury that the crime was committed April 20, 1897. A new trial will not be granted to enable a party to impeach his opponent's witnesses : 16 Am. & Eng. Enc. Law (1st ed.), 545 ; *Territory* v. *Latshaw*, 1 Or. 146. Failing to discover any abuse of discretion in the action of the trial court in overruling the motion for a new trial, it follows that the judgment is affirmed.

AFFIRMED.