FAIRHAVEN MINING CO. v. IMMACHUCK DREDGING CO.

(Second Division. Nome. March 4, 1916.)

No. 2384.

1. EVIDENCE ⬤586(3, 4)—AFFIRMATIVE BETTER THAN NEGATIVE.

Affirmative evidence is better than negative. Where the fact in issue is what was actually done by the witness, the reason for applying the rule is stronger than if the issue was merely what was seen or heard; for to remember what one does is easier than to remember what one has seen or heard. What one has done is in the very nature of things impressed more indelibly on the doer's mind. Where there are a greater number of witnesses who testify that the work in question was not done as against those testifying that it was done, the testimony of the former is wholly negative in character and unreliable, and cannot prevail against the latter.

2. NEW TRIAL ⬤95—SURPRISE.

On a motion for a new trial, on account of surprise, the courts interfere with verdicts on the ground of surprise with great reluctance. If the surprise was owing to the least want of diligence of the applicant, the motion will be denied.

3. NEW TRIAL ⬤99—NEWLY DISCOVERED EVIDENCE.

The rule is that a court will not be justified in setting aside a verdict and granting a new trial on the ground of newly discovered evidence, except the following requirements be fulfilled: (1) It must be such as will probably change the result. (2) It must have been discovered since the trial. (3) It must be such as could not have been discovered before the trial by due diligence. (4) It must be material to the issue; it must not be merely impeaching, or contradicting the former evidence, or merely cumulative.

This is an action to quiet title to certain placer mining claims known as Nos. 5 and 6 below Hannum Creek on the Immachuk

River. The plaintiff claims under locations made in 1911; defendant claims under locations made long prior to 1908.

Plaintiff concedes the original validity of defendant's locations, but contends that each of the claims became forfeited and open to relocation by reason of the failure of the defendant, or its predecessor in interest, to perform the annual work required by law for the years of 1908, 1909, and 1910. Under the stipulation filed, the sole issue to be determined is as to whether or not the annual assessment work or labor was performed on or for the benefit of the premises in controversy during each of the years of 1908, 1909, and 1910. The defendant has attempted to prove that said annual assessment work was done: (1) By the building of a ditch without the boundaries of the two claims, 5 and 6; and (2) by assessment work done on the claims themselves.

Ira D. Orton, of Seattle, Wash., and G. B. Grigsby, of Juneau, for plaintiff.

O. D. Cochran, of Nome, and W. A. Gilmore, of Seattle, Wash., for defendant.

TUCKER, District Judge. In my view of the testimony in this case, it is unnecessary to consider the evidence or the legal question involved in the first ground of defense. The sole issue is whether or not the required assessment work was done on the surface of claims Nos. 5 and 6 below Hannum Creek. It is contended by the counsel for plaintiff that the omission of the labor done on the claims from the affidavit of proof of claims filed by Dick Hoogendoorn impeaches and wholly discredits his testimony; but the court cannot agree with this contention, and the issue must therefore be decided upon the weight of the evidence, upon the law applicable thereto.

In Jones on Evidence, vol. 3, § 901, the author says:

"It is a general rule of evidence that affirmative testimony is stronger than negative; in other words, that 'the testimony of a credible witness that he saw or heard a particular thing at a particular time and place is more reliable than that of an equally credible witness who, with the same opportunities, testifies that he did not hear or see the same thing at the same time and place.' "

"The reason for this rule is that the witness who testifies to a negative may have forgotten what actually occurred, while it is impossible to remember what never existed. * * * So the positive

testimony of a single witness is entitled to more weight than that of several witnesses equally credible who testify negatively," etc.

In this case, the fact in issue is what was actually done, and the reason for applying the rule is stronger than if the issue was merely what was seen or heard, for to remember what one does is easier than to remember what one has seen or heard; what one has done is in the very nature of things impressed more indelibly on the doer's memory. On the other hand, the negative testimony in this case is exceedingly improbable by reason of the fact that a period of more than five years has passed since the matters in issue are alleged to have occurred. Therefore, while there are a greater number of witnesses who testify that the work in question was not done as against those testifying that it was done, the testimony of the former is wholly negative in character and unreliable and cannot prevail against the latter.

I am of the opinion that the defendant has sustained the burden of proof cast upon it, and that it is entitled to a judgment in this case.

In the determination of the motion to reopen the case because of surprise and the discovery of new evidence, I have been at great pains to consider the motion thoroughly, but have finally concluded that the case should not be reopened. In U. S. v. Smith, 1 Sawy. 303, Fed. Cas. No. 16,341, it was held that courts interfere with verdicts on the ground of surprise with great reluctance. If the surprise was owing to the least want of diligence of the applicant, the motion will be denied; and in State v. Gardner, 33 Or. 153, 54 Pac. 809, it was held that "where a party did not move for a continuance at the time an alleged surprise occurred, but waited until after verdict, he waived the objection." But I fail to see wherein there was any surprise in this case; the defendant had two defenses, on either of which it could rely. It was not up to it to show its hand or disclose its defense; there is nothing in the record from which it may be gathered that the plaintiff was surprised.

Now, upon the question of newly discovered evidence, the rule is that a court will not be justified in setting aside a verdict and granting a new trial, except the following requirements be fulfilled: (1) It must be such as will probably change the result. (2) It must have been discovered since the trial. (3) It must be such as could not have been discovered before

the trial by due diligence. (4) It must be material to the issue; it must not be merely impeaching, or contradicting the former evidence, or merely cumulative. State v. Hill, 39 Or. 94, 65 Pac. 518; State v. Gardner, 33 Or. 149, 54 Pac. 809, and cases cited. In my opinion, the third and fourth requirements of the law are wanting; due diligence to obtain the evidence before the trial has not been shown, and the evidence offered by the affidavits is merely impeaching, contradicting, and cumulative.

Findings of fact and law may be presented in accordance with this opinion.