CIRCUIT COURT FOR MULTNOMAH COUNTY, JUNE TERM, 1868.

## S. O. LANDER *v.* SAMUEL A. MILES AND JOHN COLLINS.

### MOTION FOR A NEW TRIAL.

NEW TRIAL.—The court is not at liberty to grant a new trial upon doubtful and disputed questions of fact.

NEWLY-DISCOVERED EVIDENCE.—Motions for new trial on the ground of newly-discovered evidence are regarded with distrust, and the strictest showing of diligence, and of all other facts necessary, is required. The testimony must have been discovered since the former trial; it must be shown that it could not have been obtained with reasonable diligence on the former trial; and it must not be cumulative.

AFFIDAVIT OF WITNESS.—It is a practice that seems to be generally approved, to require the affidavit of the moving party to be accompanied by the affidavit of the witness, or the omission to be accounted for.

CUMULATIVE.—Evidence of material facts which the moving party did not prove nor attempt to prove, may be regarded as not cumulative.

DILIGENCE.—A party who moves for a new trial should be free from *laches* in not having moved for a continuance. It is not sufficient that the affiant depose in terms "that he has made diligent inquiry;" the affidavit should state facts. The question of diligence must be determined by a consideration of specific facts deposed to.

THE jury having rendered a verdict for $4,800 in favor of the plaintiff, the defendants filed a motion for a new trial, the motion being argued and submitted by the same counsel who conducted the trial.

The court filed the following opinion, overruling the motion:

Only three of the specified grounds were urged on the argument of the defendant's motion for a new trial. They were:

1. Newly-discovered evidence;

2. Excessive damages;

3. And insufficiency of the evidence to justify the verdict.

Upon the two points last named, as the evidence is not made part of the record, the mover relies upon the knowledge and recollection of the court. I cannot say that the evidence was not sufficient to justify the verdict.

When the plaintiff had proved the wounding and impris-

onment, and the disastrous effect of the wound, it became incumbent on the defendants to justify or excuse the acts proved. For this purpose they offered evidence tending to show that a felony had been committed by the plaintiff, and that the means used to arrest the plaintiff were necessary and proper. If the defendant established both these propositions, the verdict was against evidence; but if he failed in regard to either proposition, the plaintiff should prevail.

In the opinion of the court, neither proposition was conclusively established; nor can I say the weight of evidence was with the defendant on each of them. The court is not at liberty to grant a new trial upon doubtful and disputed questions of fact, and thus usurp indirectly the province of the jury.

Nor can the court, from any *data* before it, say that the damages were excessive, or given under the influence of passion or prejudice. The jury were instructed, I think, correctly as to the measure of damages; or, at least, if there was error in that particular, I think it was in favor of the defendant; the jury having been told that exemplary or vindictive damages could not be given in the case. Jurors are necessarily the judges of the weight of evidence adduced in mitigation of damages, and in this case the evidence was conflicting.

The injury is of a most grave and serious character; and if the plaintiff was entitled to recover, it is impossible to say with certainty that a less sum would be adequate compensation for the loss of a limb, disregarding the minor considerations, such as bodily pain, loss of time and expenses incurred.

There are no facts or circumstances in the case that lead the Court to infer or suspect that the jurors were influenced by passion or prejudice. It would be unreasonable to draw such inference from the amount of the verdict in this case. From the very nature of the injury, which includes the loss of a limb, it is difficult, if not impossible for one man to tell what would be the honest conviction of another as to the amount required to compensate for the loss.

A judge is no more authorized to set aside a verdict because he differs from the jury as to weight of evidence, where it is conflicting and where there is ground for an honest difference of opinion, than a jury would be to decide contrary to the instructions given, but in accordance with their wishes or preferences.

To sustain the ground of *newly-discovered evidence,* the affidavit of the defendant Miles states that the affiant "expects and believes that Job Card will swear that he is one of the persons beaten and assaulted by the plaintiff * * * that Card was sober at the time, and recollects distinctly all that occurred; that there was no assault whatever committed on the plaintiff by Wilkins or Card;" but that after some words between the parties, "the plaintiff violently assaulted said Card, and that the plaintiff's shirt was cut in attempts to resist the assaults made by the plaintiff; and that the plaintiff, without any just cause or provocation, used the gun-barrel and the pitchfork, referred to in the evidence, wantonly and maliciously; and severely and cruelly beat, bruised and disabled said Card and said Wilkins." "And that the plaintiff had repeatedly made threats of violence against said Card." The affiant says he has made diligent inquiry in Washington County and elsewhere, and caused others to do so for said Card but could not ascertain where he was until Wilkins (on the trial) testified to his whereabouts. That he heard a variety of reports as to his whereabouts, but could get no definite information sooner.

On the trial, both the plaintiff and Wilkins testified as to the rencounter. They both testified that both Wilkins and Card were intoxicated at the time of the rencounter. Wilkins said he was too much intoxicated at the time of the rencounter to tell what occurred at the commencement of the fight.

The affidavit of Miles is objected to, as not showing diligence; that the evidence is cumulative; and that it is not shown that the evidence has been discovered since the trial. And the plaintiff claims that evidence given on the trial, to the effect that the defendant Miles was well acquainted

with both Wilkins and Card before the difficulty, and that the two were near neighbors, should be considered.

The necessity and propriety of granting new trials in proper cases, and the necessity of strict practice to prevent abuse and unfair advantage being obtained by granting, are equally important. Caution is particularly necessary when the motion is founded on newly-discovered evidence, both because it opens a temptation to perjury, and because its abuse would give an unfair advantage, by allowing a party to take the chance of success with a part of his witnesses, and if not successfully to avoid the consequences of his venture, by a new trial, while his adversary would be remediless if unsuccessful at either trial.

Hence "motions for a new trial on the ground of newly-discovered evidence are regarded with distrust and disfavor, and the strictest showing of diligence and all other facts necessary is required." (*Baker* v. *Joseph*, 16 Cal. 180.)

It is considered settled—First: That the testimony must have been discovered since the former trial.

Second: That it could not have been obtained with reasonable diligence on the former trial. (*Moore* v. *Philadelphia Bank*, 5 Serg. and Rowle, 41; 13 Mass. 302; 7 Mass. 205.)

Third: That it must not be cumulative. (*Bartlett* v. *Hodgden*, 3 Cal. 57; and Ib. 114, 399; *Gavan* v. *Dopman*, 5 Cal. 342; *Live Yankee Co.* v. *Oregon Co.* 7 Cal. 42; *Duryee* v. *Dennison*, 5 Ib. 248; *People* v. *Superior Court*, N. Y. 10 Wend. 292.)

"Cumulative evidence means additional evidence to support the same point, and which is of the same character as evidence already produced." (10 Wend. 292.)

It is the practice in some jurisdictions, and one that seems to be generally approved, to require the affidavit of the moving party to be accompanied by the affidavit of the witness himself, or the absence of such affidavit to be accounted for. (*Pilot Rock Co.* v. *Chapman*, 11 Cal. 162; Ib. 199.)

If Card will testify to material facts which the defendant did not prove or attempt to prove on the trial, his evidence may be regarded as not cumulative.

My recollection of the evidence is that the defendant attempted to prove by Wilkins, that the plaintiff violently assaulted Card, without cause or provocation, and beat, bruised, and disabled Card and Wilkins. The other matters, which the affiant says he expects to prove by Card, are either conclusions, or facts that are admitted by the plaintiff, except the allegation that, "There had before that time been a difficulty between the plaintiff and said Card, and the plaintiff had repeatedly made threats of violence against said Card."

The threats are referred to *only on the belief of the party*, without alleging any knowledge or even information from Card or any one else. This detracts from the force of the statement. (11 Cal. 162, 199.)

A party should, be free from *laches* in not having moved for a continuance.

It is a general rule that the existence of the evidence must have been unknown to the party at the time of the trial; and the circumstances should not leave an inference that reasonable diligence would have discovered it. (*Davis* v. *Tyler*, 18 John. 489; *Jackson* v. *Molin*, 15 John. 293.)

The trial has disclosed that the affiant, before the trial, was acquainted with both Wilkins and Card; knew that they were both engaged in the difficulty; that they were intimate acquaintance, and all that is disclosed indicates that the affiant probably knew as much as he does now of the nature of the evidence to be obtained from Card. He says he inquired in Washington County, and elsewhere, for Card; but he does not show that he inquired of Wilkins; nor does he name any other acquaintance of Card's. He says he heard a variety of reports as to Card's whereabouts; but he does not show that he followed them up, or that they were not correct.

The use of the word diligent, in his statement of inquiry, adds but little, if anything, to the force of his statements; for it is not admissible that he should judge what acts or what extent of inquiry amounts to diligence. It is not sufficient that he depose in terms "that he has made diligent inquiry;" the affidavit should state facts. It is equivalent to saying that he has made inquiry to such extent that he

thinks that he should be regarded as diligent. The question must be determined by a consideration of specific acts deposed to.

I think it should be shown that he applied to parties most likely to be informed about Card and his affairs; and if he obtained "reports" or information from them, it should be shown with what results he followed up the information.

It does not appear from this affidavit but that ordinary efforts would have enabled the defendant to learn the residence of Card, and to have procured his deposition before the trial. A new trial must be denied.