Opinion delivered June 24, 1887.

No. 5543.

TOM H. CURLIN v. THE STATE.

1. THEFT—CHARGE OF THE COURT.—See the opinion for a charge of the court on a trial for cattle theft, *held* erroneous, inasmuch as it authorized a conviction although the evidence should fail to show that the accused had any connection with the original taking.

2. SAME.—See the statement of the case for a state of proof which demanded of the trial court a charge to the effect that, in order to raise a presumption against the defendant, because of his possession of the stolen animal, his possession must be shown to be recent.

3. SAME.—In view of the reasonable explanation of his possession given by
the accused when his possession was first challenged, the omission of the
trial court to instruct the jury as to the legal effect of the explanation
was material error.

APPEAL from the District Court of Ellis. Tried below before
the Hon. Anson Rainey.

The first count in the indictment charged the appellant with
the theft of a heifer, the property of T. L. Sullivan, and the second
count charged that he received the same from one Mosberger,
knowing it to be stolen property. The conviction was had un-
der the first count, and the penalty imposed was a term of three
years in the penitentiary.

T. L. Sullivan was the first witness for the State. He testified,
in substance, that, some time in the spring of 1883, his ten year
old son, Eugene, was given a motherless calf by his cousin, Mr.
Anderson. When the calf was about two months old, Mr. An-
derson and Eugene put it in Anderson's brand, the letter A on
the left hip. In October of the same year, the witness put the
animal in his brand, which was UD connected, on the right side.
The calf was raised by hand until it grew to be a heifer. In
May or June, 1884, it was missed from the range, and was not
seen again by the witness until August, 1885, when it was in the
brand of P. A. Cowley, that brand being 8P, which was placed
over witness's brand, obliterating it. Witness asked Cowley
what his brand was doing on the animal. Cowley replied that
he bought the animal, but could not then remember who from.
On the evening of that same day, Cowley and defendant came
to witness and defendant said that he sold the animal to Cowley;
that he purchased it from two strangers who gave their names
as Mosberger and Mosser, claiming to be from Navarro county;
that he had a bill of sale at home, and would exhibit it to wit-
ness on Monday. On the following Monday he showed the wit-
ness a bill of sale purporting to convey the heifer to him, which
bill was signed by H. E. Mosberger, and attested by Fred Mosser
and P. A. Cowley as witnesses. Eugene Sullivan testified sub-
stantially as did his father, except as to the interview with Cow-
ley and defendant, about which he knew nothing.

Mr. Hogan testified, for the State, that he knew the calf given
to Eugene Sullivan by Mr. Anderson. Witness missed the ani-
mal from the range in December, 1884, and did not see it again

until August, 1885, when it had Cowley's brand run over Mr. Sullivan's brand.

The State closed.

Jerry Beauchamp, the first witness for the defense, testified that he was an experienced stockman, and knew that female animals of the cattle species were not called heifers until they were three years old. Up to that time they were called heifer calves, heifer yearlings, and heifer two year olds.

James Curlin, the father of the defendant, testified in his behalf that defendant was about home since the fall of 1886, except for the short while that he was a fugitive from justice, having forfeited his bond in this case. He was captured afterward, and pending the execution of a new bond he escaped. While at large his bond was made for him, and he returned voluntarily to stand his trial.

Defense closed.

Deputy Sheriff White, of Navarro county, testified, for the State, in rebuttal, that he made a diligent search throughout his county for one H. E. Mosberger and one Fred Mosser, in order to serve attachments upon them as witnesses in this case, but could neither find nor hear of such parties.

*Anderson & Cox*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. One paragraph of the charge given to the jury is as follows: "If you believe the defendant did buy the heifer from another in *good faith*, whether he took a bill of sale or not, he is not guilty. But if you believe from all the circumstances surrounding the transaction in proof, that the sale was not made in good faith, but only to cover a fraudulent taking, then such sale would be no defense." This paragraph of the charge was excepted to by the defense, and is before us by proper bill. We think this portion of the charge, in view of the evidence, is erroneous,—with reference to the count charging theft, and upon which count defendant was convicted. It authorized the jury to convict of theft although the defendant might not have been concerned in the original taking of the animal. (Clayton v. The State, 15 Texas Ct. App., 348; McAfee v. The State, 14 Id., 668.)

Under the evidence adduced on the trial, the court should have

instructed the jury that possession of stolen property, to raise a presumption of guilt, must be *recent*. That the defendant's possession of the alleged stolen animal was recent, the evidence is by no means clear, and it should have been left to the jury, under proper instructions, to determine that question, and the jury should have been explicitly instructed that, unless they found that such possession was recent, they would indulge in no presumption of defendant's guilt because of the fact of his being found in possession of the animal. (Bragg v. The State, 17 Texas Ct. App., 219, and cases therein cited.) Upon this issue the court gave no instruction whatever, although its attention was called to such omission by a special instruction requested by the defendant.

When defendant's possession of the animal was first challenged, he gave an explanation thereof, stating that he had purchased the same from two strangers, giving their names. This evidence demanded a charge upon the legal effect of such explanation. Such charge was not given, though requested by defendant. (Schulz v. The State, 22 Texas Ct. App., 16; Robertson v. The State, Id., 690.)

Because of the errors above specified, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*