Decided 1 July, 1901.

## STATE *v.* HILL.

[ 65 Pac. 518.]

LARCENY—GOOD FAITH IN RETAINING POSSESSION.

1. In a prosecution for larceny the questions of honesty and good faith in retaining possession of the property are quite immaterial, for the question involved is the taking.

INSTRUCTIONS—HYPOTHETICAL ELEMENTS.

2. Instructions to a jury should not contain hypothetical elements other than those based on the evidence.

NEW TRIAL—CUMULATIVE OR IMPEACHING EVIDENCE.

3. A new trial will not be granted because of the discovery of merely cumulative or impeaching evidence: *Lander* v. *Miles*, 3 Or. 40, and *State* v. *Gardner*, 33 Or. 149, followed.

From Union : ROBERT EAKIN, Judge.

James Hill appealed from a conviction of the crime of horse stealing.                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. L. A. Esteb*.

For the state there was a brief over the names of *D. R. N. Blackburn*, Attorney-General, and *Samuel White*, District Attorney, with an oral argument by *Mr. White*.

MR. JUSTICE MOORE delivered the opinion.

The defendant, James Hill, was tried upon an information charging him with the larceny of a mare, the property of one D. H. Shaffer, alleged to have been committed in Union County, Oregon, August 2, 1899 ; and, having been convicted thereof, he was sentenced to imprisonment in the penitentiary for the term of two years, from which judgment he appeals.

Exceptions having been reserved, it is contended that the court erred in refusing to instruct the jury as re-

quested by the defendant as follows : "(2) If you find
from the evidence that the defendant had a claim to the
mare, honestly entertained, even though he may have
got her from a thief, he had a right to keep her until the
question of ownership was settled ; and, if his claim of
ownership was made honestly and in good faith, it was
not larceny, and you should acquit.  (3) The taking of
property without the felonious intent to convert it to the
taker's own use is only a trespass, and openly taking is
evidence of the absence of such intent.  The criminal
intent is what distinguishes larceny from trespass ; and,
if you find that the defendant did not attempt to take
the animal clandestinely or attempt to conceal her, you
may consider this fact to negative the question of larce-
nous intent, and your verdict should be not guilty."  To
render the instructions so requested intelligible, it is
deemed necessary to state the substance of the testimony
upon the subject to which they relate.  The transcript
shows that about March 10, 1899, D. H. Shaffer was the
owner of a black mare, which he turned out on the range
to pasture, and did not again see until about the first of
October of that year, when he found her in the defend-
ant's possession, about four miles from his place ; that,
upon the defendant's refusal to deliver the mare on
demand, Shaffer instituted an action for her recovery,
and secured the possession thereof.  The defendant, as
a witness in his own behalf, explaining his possession,
testified, in effect, that about August 21, 1899, he, in pres-
ence of his brothers, George and Leonard, having met a
stranger in the public road riding the mare in question,
he traded with him, giving him therefor a gray mare ;
that after the exchange was effected the stranger rode
with them to their father's farm, where they parted com-
pany ; and that said stranger was seen by their father
as he passed his place riding the mare which he received

from the witness.    The defendant's testimony is corroborated by that of his brothers, George and Leonard, and by that of his father in respect to seeing the stranger pass his place riding the gray mare.

1.    Considering these requests in their order, the first, which is numbered two, seems to be predicated upon the assumption that the action being tried was to recover the possession of the mare, or at least that the defendant was entitled to retain such possession until the right thereto could be determined in a proper action.    The transcript shows that, prior to the defendant's trial upon the information for the larceny of the mare, Shaffer had secured the possession in an action therefor.    If the court had been requested to instruct the jury that if they should find the defendant traded for the mare, even if he knew that the person with whom he traded had stolen her, he could not be convicted under an information charging him with the crime of larceny, and they must acquit him, it would have been error not to give it; for such an instruction could have been predicated upon the defendant's theory of the facts of the case, and was not included in the court's general charge, to which no exception was taken.    Neither honesty nor good faith was required of the defendant, as elements of his possession of the mare, if he did not take her, to constitute a defense, when charged with the larceny thereof : *People* v, *Ward*, 105 Cal. 652 (39 Pac. 33); *Faulkner* v. *State*, 15 Tex. App. 115 ; *Clayton* v. *State*, 15 Tex. App. 348 ; *Phillips* v. *State*, 19 Tex. App. 158.    Unless the defendant took the mare, or participated in her taking, which is one of the necessary elements of larceny, he could not be legally convicted thereof : *Curlin* v. *State*, 23 Tex. App. 681 (5 S. W. 186).    If he had traded for the mare, knowing or having good reason to believe that she had been stolen, he could have been punished upon

conviction of that offense, if properly charged: Hill's
Ann. Laws, § 1774; *State* v. *Pomeroy*, 30 Or. 16 (46 Pac.
797); *State* v. *Hanna*, 35 Or. 195 (57 Pac. 629). The
instruction so requested being faulty in the particular
specified, no error was committed in refusing to give it.

2. There was no testimony tending to show that a
question of trespass was involved, and hence no necessity
existed to distinguish between a tort of that character and
the crime of larceny. If the court had been requested to
charge that if the jury should find that the defendant
made no attempt to conceal the mare, but publicly rode
or drove her in the immediate vicinity in which Shaffer
lived, so that he might have been able to see and recog-
nize her, they might consider such fact as a circumstance
tending to negative a taking by the defendant, it might
have been proper to give it: *Jones* v. *State*, 64 Am. Dec.
175. The second instruction contains so many hypothet-
ical elements not involved in the testimony introduced at
the trial, that no error was committed in refusing to
give it.

3. The defendant filed a motion for a new trial, based
upon his affidavit to the effect that prior to his trial he
made every effort within his power to discover the name
and residence of the person from whom he received the
mare with the larceny of which he was charged; that
since said trial he had received information through
James Allen and Robert Wright, who live in Wallowa
County, Oregon, but whose affidavits he was unable to
secure on account of their absence from home, that the
name of said person is Henry Wilkins, who resides at
some point in Harney County, Oregon; that Wilkins will
testify that while on the road from Wallowa County to
Harney County he met the affiant, to whom he traded

said mare, which he purchased in Wallowa County from James Allen; that, if a new trial is granted, affiant will be able to procure Wilkins, Allen, and Wright as witnesses, who will severally testify as here indicated; that since said trial affiant has received reliable information from J. A. Spray and other sources that one Frank Rynearson, who lives in Wallowa County, and from whom Shaffer claims to have obtained said mare, will testify that the animal he let him have is not the one affiant is accused and convicted of stealing, and is not the property of Shaffer; that affiant wrote letters and made diligent inquiry to find out these facts prior to his trial; and that the information now received is the result of such search, but it came too late to be used at his trial. The defendant also filed the affidavit of one J. A. Spray to the effect that prior to defendant's trial he had a conversation with Shaffer, who told him that, having written to said Rynearson, he received an answer informing him that the mare described in his letter was not the one he sold him, and that he did not want Rynearson for a witness, because his testimony would prove that the mare which the defendant was charged with stealing was not his (Shaffer's) property. The court having overruled the motion for a new trial, an exception was saved, and it is contended that the denial of said motion was erroneous. A verdict may be set aside and a new trial granted, on the motion of the party aggrieved, on the ground of newly-discovered evidence material to the party making the application, and which could not with reasonable diligence have been discovered and produced at the trial: Hill's Ann. Laws, § 235. Newly-discovered evidence which will justify a court in setting aside a verdict and granting a new trial must fulfill the following requirements: ''(1) It must be such as will probably change the result if a new trial is granted; (2) it must have

been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be merely impeaching or contradicting the former evidence ": 14 Ency. Pl. & Pr. 791; *Berry* v. *State*, 10 Ga. 511. Examining the defendant's affidavit in the light of these particular essentials, it will be seen that, if Wilkins could be procured as a witness, his testimony would be merely cumulative of that given at the trial by the defendant and his brothers in respect to the circumstances of the alleged exchange of the defendant's gray mare for the black mare, with the larceny of which he was charged. So, too, it appears from Spray's affidavit that, if he were called as defendant's witness at a new trial, his testimony would be merely impeaching and contradictory to that given by Shaffer at the trial in relation to his alleged ownership of the mare in question. It has been held in this state that a rehearing will not be granted for this cause unless it appears that the evidence so discovered is new and not cumulative : *Cutler* v. *Steamship Columbia*, 1 Or. 101; *Lander* v. *Miles*, 3 Or. 40. So, too, it has been held that newly-discovered evidence to be used in impeaching a witness upon a former trial is not ground for a new trial : *Territory* v. *Latshaw*, 1 Or. 146; *State* v. *Gardner*, 33 Or. 149 (54 Pac. 809).

The reasonable diligence required to be exercised in order to justify a court in setting aside a verdict is a question of degree, which the court must determine from the facts stated in the affidavit of the applicant for a new trial. The particular effort which the party has made to discover the testimony before the trial must be stated, giving the circumstances and the names of the persons of whom he made inquiry; it not being sufficient merely to affirm that he has used "due diligence" or "reason-

able diligence," or to employ equivalent expressions : 14 Ency. Pl & Pr. 824. While the rule is well settled in this state that the action of the trial court on a motion for a new trial on account of any matter within the knowledge of a party prior to the submission of the cause to the jury is not reviewable on appeal, and therefore can not be assigned as error (*Bowen* v. *State*, 1 Or. 271 ; *State* v. *Fitzhugh*, 2 Or. 227 ; *State* v. *Wilson*, 6 Or. 428 ; *State* v. *McDonald*, 8 Or. 113 ; *State* v. *Mackey*, 12 Or. 154, 6 Pac. 648 ; *State* v. *Foot You*, 24 Or. 61, 70, 32 Pac. 1031, 33 Pac. 537), yet when anything occurs after the cause has been submitted which tends to subvert justice, or shows that a fair trial has not been had, and which by the exercise of reasonable diligence on the part of the defeated party could not have been ascertained or prevented, his affidavit and motion for a new trial, predicated upon such matters, presents a question which the court should weigh and decide with care, and whenever its judgment thereon is manifestly wrong it will be reviewed on appeal : *State* v. *Magers*, 36 Or. 38 (58 Pac. 892). In view of this rule, we have considered with much care the affidavits in question, and conclude that they are insufficient to entitle the defendant to a new trial, and hence no error was committed in overruling the motion therefor.

Exceptions were taken to the court's action in the admission and rejection of testimony, but at the argument they were waived by defendant's counsel ; and, upon a careful examination of the alleged errors in these respects, the contention therefor is found to be without merit. Having discovered no prejudicial error, the judgment is affirmed. AFFIRMED.