Argued 10 November ; decided 24 November, 1902.

### RUCKMAN v. ORMOND.

[70 Pac. 707.]

NEW TRIAL FOR INSUFFICIENCY OF EVIDENCE.

1. A motion to set aside a verdict and for a new trial for insufficiency of the evidence is addressed to the sound discretion of the trial court, and its action thereon will not be reviewed where the defeated party made no motion for a judgment or nonsuit during the trial.

NEW TRIAL FOR ERROR AFTER SUBMISSION OF CAUSE.

2. There is a distinction between a motion for a new trial because of the alleged insufficiency of the evidence, and one for a new trial on account of something that occurred after the cause had been submitted, and which the injured party, in the exercise of reasonable diligence, could not have prevented, for instance, because the jury disregarded the instructions of the judge : the former will not be considered, for the complaining party had an opportunity to urge the defect before the jury retired, and neglected to do so ; while the latter motion should be considered for the reverse reason, because there was no previous opportunity to make the objection.

NEW TRIAL FOR DISREGARDING INSTRUCTIONS—EVIDENCE.

3. Where the evidence was conflicting and the jury under the instructions

42 OR.—14

might have rendered the verdict they did if they rejected defendant's evidence and believed plaintiff's statement, a motion for a new trial on the ground that the jury disobeyed the charge of the court was properly overruled.

NEED OF REQUESTING A PARTICULAR INSTRUCTION.

4. Where a party wishes to rely on a particular defect as entitling him to a verdict, for example, that there is no testimony on a certain vital claim, the proper practice is to request a peremptory instruction for a verdict.

From Union: ROBERT EAKIN, Judge.

This is an action by R. D. Ruckman against William Ormond to recover the sum of $175 for the use of an engine and boiler. The transcript shows that the property, being subject to certain liens, was leased by plaintiff on January 7, 1899, for the term of six months, at $50 a month, to J. C. and T. A. French, partners as French Bros., who stipulated in writing that as soon as said liens were discharged they would purchase the property, giving therefor the sum of $1,000, payable in equal installments in three, six, and nine months respectively, and that any sums paid in the mean time on account of rent, in excess of $100, should be credited on the purchase price; but plaintiff did not engage to secure the release of the liens or to sell the property. French Bros. used the engine and boiler for the term agreed upon, but neglected to pay any rent therefor, and on July 15, 1899, assigned all their interest under the contract to the defendant, who, having had possession of the property until November 10, 1899, paid plaintiff the sum of $300. This action is brought on the theory that such payment was made on account of rent due from French Bros., and judgment is demanded for the use of the property while defendant had possession of it. The answer, after denying the material allegations of the complaint, sets out a copy of said written contract, averring that, at the time it was entered into, plaintiff orally agreed to discharge said liens within six months, and, upon the payment of the purchase price, to transfer the property; that said contract was assigned to defendant, who paid on account of the purchase price the sum of $300, and tendered to plaintiff the remainder due thereon, less two months' rent, and demanded of him a release of said liens and a transfer of the property, but he refused to comply therewith,

thereby canceling the agreement. The allegations of new matter in the answer being denied in the reply, a trial was had and judgment rendered for plaintiff in the sum of $170.25, from which defendant appeals.     Affirmed.

For appellant there was a brief and an oral argument by *Mr. J. D. Slater.*

For respondent there was a brief and an oral argument by *Mr. Charles H. Finn.*

Mr. Chief Justice Moore, after stating the facts, delivered the opinion of the court.

It is contended that the jury refused to obey the court's instruction, and that, defendant having moved to set aside their verdict on account of such disobedience, an error was committed in refusing to grant a new trial. The jury were charged, in effect, that if defendant paid money to plaintiff on account of the purchase price of the property, and not for French Bros., the payment so made should be applied to the rent due thereon while in defendant's possession. An inspection of the transcript shows that on October 5, 1899, defendant gave plaintiff a check for $100, having written thereon the words "on engine," and twenty-six days thereafter paid him $200, taking his receipt therefor "as part payment on engine, boiler and fixtures contracted for by J. C. French of the firm of French Brothers." Plaintiff, as a witness in his own behalf, testified that these payments were made on account of the rent due from French Bros., and that defendant was a partner in that firm. On cross-examination, in answer to the inquiry whether the payment was made for the purpose indicated, he replied: "It was received on the French Brothers' rent,"— thus seeming to make a distinction between the paying and receiving. The witness, in speaking of the defendant's direction as to how the payments were to be applied, said: "He didn't tell me to apply it any place. Q. He didn't tell you though that that was for rent due from French Brothers, did he? A. It was not necessary; it was understood that he was

to assume all debts.'' The defendant, as a witness in his own behalf, testified that the payment was made on account of the purchase price of the engine and boiler.

1. Though it has frequently been held that a motion to set aside a verdict and for a new trial, based upon insufficiency of evidence, is addressed to the sound discretion of a trial court, and that its action thereon will not be reviewed (*Bowen* v. *State*, 1 Or. 270; *State* v. *Foot You*, 24 Or. 61, 32 Pac. 1031, 33 Pac. 537; *Crossen* v. *Oliver*, 41 Or. 505, 69 Pac. 308), the statute having conferred the right of appeal, such legislative grant should be so construed as to afford to every party prejudiced by a judgment an adequate remedy for the correction of errors. The reason for the rule that the refusal to set aside a verdict upon the grounds stated will not be reviewed is based upon the theory that the mode adopted is not the proper one to secure the relief desired; that a party cannot be permitted to speculate upon the probabilities of a favorable verdict, and, if disappointed, move to set it aside; and that having had, but neglected, the opportunity to move for a judgment of nonsuit, or to request an instruction in his favor, in consequence of insufficiency of evidence, he cannot, after verdict, be permitted to move to set it aside for any known reason that he could have urged during the trial.

2. But when anything occurs after a cause has been submitted that tends to subvert justice or to thwart a fair trial, and which the defeated party by the exercise of reasonable diligence could not have foreseen or prevented, his motion to set aside the verdict and for a new trial, based upon such matters, ought to be considered with care by the trial court, and its judgment thereon, if manifestly erroneous, should be reviewed and reversed on appeal: *State* v. *Hill*, 39 Or. 90 (65 Pac. 518).

3. Assuming that the instruction was within the issues, the question to be considered is whether the jury disobeyed the charge of the court. The bill of exceptions does not include all the testimony given at the trial, but the court certifies that it contains all evidence necessary and material to explain the

exceptions taken by the defendant. It is impossible to say, with any degree of certainty, that the jury disobeyed the instruction, for they might have disregarded defendant's testimony, corroborated as it is by the receipt and check, and placed their verdict upon plaintiff's statement that defendant was a partner of French Bros., and that it was understood he was to assume all debts.

4. If it be argued, however, that there was no conflict in the testimony upon the question of the payment of the money, defendant's remedy was to request the court to direct a particular verdict, and, not having done so, his motion to set aside the finding of the jury is not the proper method to correct their conclusion, so that in either event no error was committed in refusing to grant a new trial.

Other alleged errors are assigned, but, not deeming them of sufficient importance to merit a discussion of the principles involved, it follows that the judgment is affirmed.

. AFFIRMED.