Decided December 1, 1908.

## STERN v. VOLZ.

[98 Pac. 148.]

APPEAL AND ERROR—NEW TRIAL—DISCRETION OF COURT—NEWLY DISCOVERED EVIDENCE.

1. A motion for a new trial based on newly discovered evidence, is addressed to the sound discretion of the trial court, and its refusal will be reversed only for manifest error or abuse of discretion.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

2. An affidavit for a new trial for newly discovered evidence does not sufficiedntly show reasonable diligence, where the particular efforts made to discover the testimony before trial are not stated, and no circumstances or the names of any persons of whom he made inquiry are given; affiant only stating that he made every effort to find some one, and that he went to every one whom he thought might know.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE.

3. A new trial will not be granted because of the discovery of merely cumulative evidence.

From Coos: JAMES W. HAMILTON, Judge.

Statement by MR. COMMISSIONER SLATER.

Plaintiff, Jacob L. Stern, as the assignee of the Stern-Prince Importing Company of the State of Colorado, brought this action in a justice court of Coos County, against A. J. Volz, *alias* John Volz, to recover a balance alleged to be due upon an open account for goods alleged

to have been sold and delivered to defendant at Boise, Idaho, by plaintiff's assignor, at the special instance and request of defendant. In addition to the usual averments, it is alleged, that A. J. Volz is sometimes known and goes under the name of John Volz.

Defendant answered in the name of John Volz, alleging that to be his true name, and denying that he was ever known as A. J. Volz, as well as all other averments of the complaint. Plaintiff had a verdict and judgment, and defendant appealed to the Circuit Court of the county, where, upon a trial before a jury, plaintiff again obtained a verdict and judgment for the amount demanded in the complaint, from which judgment defendant has appealed to this court, assigning as errors the admission of testimony over his objection and the denial of a motion for a new trial, based upon insufficiency of evidence to support the verdict and upon newly discovered evidence.                    Affirmed.

Submitted on briefs under the proviso of Rule 16 of the Supreme Court. 50 Or. 580.

For appellants there was a brief over the name of *Mr. E. D. Sperry.*

For respondent there was a brief over the name of *Mr. L. E. Liljequist.*

Opinion by Mr. Commissioner Slater.

1. The only error relied upon and urged by defendant in his brief for a reversal of the judgment, is the denial of his motion for a new trial, and that is confined solely to that part thereof based on newly discovered evidence. Such a motion is addressed to the sound discretion of the trial court, and a refusal of a new trial will be reversed only for manifest error or abuse of discretion. 14 Pl. & Pr. 982; *Ruckman* v. *Ormond,* 42 Or. 209 (70 Pac. 707) ; *State* v. *Hill,* 39 Or. 90 (65 Pac. 518). The motion is supported by defendant's affidavit to the effect,

that since the trial of the cause, and after the rendition of the verdict, defendant learned that he could prove by C. H. Bramley, J. N. Shiria, and P. B. Mauzey that they knew defendant, John Volz, and had known him since April, 1906, and that they saw him in the city of North Bend, Coos County, on or about May 14, 1906; that this evidence is material to his defense, and was not known to him at the time of the trial, and that he never had any reason to believe that these parties knew anything about it; that when he first saw the writing, which was introduced in evidence and which it was claimed he signed, he immediately made every effort to find some one who could remember that he was in North Bend, on May 14, 1906; that he went to every one whom he thought would know, and made inquiries to find some one by whom he could prove that fact, but found no person other than those produced at the trial.

2. The showing as to reasonable diligence was not sufficient to justify the court to set aside the verdict. The particular efforts which he made, if any, to discover the testimony before the trial, are not stated, nor are any circumstances or names of any persons of whom he made inquiry given, but only that he made "every effort to find some one," and that "I went to every one whom I thought might know," which is not sufficient. *State* v. *Hill,* 39 Or. 90 (65 Pac. 518). Nor is the newly discovered evidence sufficient as to substance and quality. The affidavits of each of said parties are filed in support of the motion, and are of the same general effect as to their acquaintance with defendant, and their knowledge of his presence in or about North Bend on May 14, 1906. The application made of this evidence, by defendant, to the issues of the case as being material to his defense, is to the principal point controverted at the trial, which was the identity of A. J. Volz with John Volz, the defendant, or, in other words, whether plaintiff's assignor had dealt with defendant and sold him the goods under the

former name, while he sometimes went under the latter name, as plaintiff contended, or whether there were two persons, one of the former name, with whom plaintiff had dealt in selling the goods, and another—the defendant—with whom plaintiff had not dealt.

Plaintiff offered competent evidence tending to show that defendant, as A. J. Volz, conducted a saloon business at Boise, Idaho, but that he sometimes was known as John Volz; that plaintiff's assignor, which dealt in supplies for such business, sold the goods to him under the name of A. J. Volz; and that the seller never knew or dealt with any other person under that name than defendant. A part of plaintiff's evidence consisted of a written statement of an account between the Stern-Prince Company and A. J. Volz, showing the amount sued for to be due. The account was made and dated at Denver, Colo., on May 11, 1906, and to which had been added the following words:

"Going to North Bend, Coos County, Oregon, 5-14-06. Stern and Prince Company. I will pay this in about ninety days. A. J. Volz."

Mark Weiler, a witness for plaintiff, testified that he had been a traveling salesman for the Stern-Prince Company, had taken an order for goods from defendant as A. J. Volz, and had collected from him a payment on this account; that there was no man in the employ of A. J. Volz by the name of John Volz; that he knew A. J. Volz and John Volz to be the same person and the proprietor of said saloon; that on May 14, 1906, at Boise, Idaho, he requested him to pay this balance; that defendant said he had sold out the saloon; that it had taken all the money he had to pay the debts and establish himself in North Bend, Oregon, and that as soon as he could establish himself in North Bend, which he thought would be in about three months, he would pay in full; and as witness wanted some kind of acknowledgment of the account he asked defendant to sign an agreement to pay

on a certain date, which he did; that he knows the signature of the writing offered in evidence (plaintiff's exhibit A) to be defendant's handwriting, as he saw him sign it; and that he had subsequently met defendant at North Bend, in this State, where he goes by the name of John Volz. Samples of defendant's writing and signature admitted to be genuine were offered for comparison with that on Exhibit A, and all were said, by another witness who was qualified as one skilled in such matters, to have been written by one and the same person.

While defendant maintained and offered his own evidence tending to show that his true name is John Volz, that he never was known as, or went under the name of, A. J. Volz, but that he had a cousin of that name, who conducted a saloon at Boise, and for whom he was employed as a clerk in the saloon at the time the goods were sold, and that they were bought for his cousin and in his name; that as such clerk he ordered the goods for and in the name of his principal, wrote letters to the seller and signed the name of his principal thereto, and made payments thereon in the name and for A. J. Volz; that he did not sign the statement on plaintiff's Exhibit A, and was not in Boise, Idaho, at that time, but was in North Bend, Oregon. He offered two other witnesses who testified that they remembered having seen defendant in North Bend about the middle of April, 1906, but his wife, whose testimony was given by deposition, swears that her husband left Boise on May 20, 1906.

3. From this review of the record it appears to us, that the evidence of the three additional witnesses, if presented, would be cumulative to that produced by defendant and two other witnesses at the trial, which was to the general effect that he was not in Boise, Idaho, on May 14, 1906, when the writing offered by plaintiff is said to have been signed by defendant, but that he was in North Bend, Coos County, Oregon. A new trial will not be granted because of the discovery of merely

cumulative evidence. *Lander* v. *Miles*, 3 Or. 40; *State* v. *Hill*, 39 Or. 90 (65 Pac. 518).

From these considerations, it follows that the judgment should be affirmed.                                    AFFIRMED.