Argued April 18, decided May 14, 1912.

## SANDERSON v. PENINSULA LUMBER CO.

[123 Pac. 513.]

APPEAL AND ERROR—REVIEW—NEW TRIAL—SUFFICIENCY OF EVIDENCE.
1. Refusal to grant a new trial on the ground of insufficiency of the evidence is rarely reviewable.

NEW TRIAL—PROCEEDINGS TO PROCURE—AFFIDAVIT OF JUROR.
2. The verdict cannot be impeached, for purpose of obtaining a new trial, by affidavit of juror as to misconduct of the jurors in the way they arrived at the verdict and the inducements thereto.

NEW TRIAL—GROUNDS—INSTRUCTIONS.
3. New trial may not be granted for refusal of requested instructions; the substance of them being included in the instructions given.

From Multnomah: WILLIAM N. GATENS, Judge.

This is an action by John A. Sanderson against the Peninsula Lumber Company, a corporation, to recover for personal injuries. There was a verdict in favor of defendant, and from an order granting plaintiff a new trial, defendant appeals. Further facts are stated in the opinion.    REVERSED.

For appellant there was a brief over the names of *Messrs. Wilbur & Spencer*, with an oral argument by *Mr. Ralph W. Wilbur*.

For appellant there was a brief over the names of *Messrs. Davis & Moulton*, with an oral argument by *Mr. Arthur I. Moulton*.

Opinion by MR. CHIEF JUSTICE EAKIN.

This is an action for personal injuries received by plaintiff while moving lumber in the yard of defendant.

A verdict and judgment were rendered in favor of defendant; whereupon plaintiff moved the court to set aside the judgment and grant a new trial on the grounds of (1) insufficiency of the evidence justifying the verdict and that the verdict is against the law and the evidence; (2) error of law occurring at the trial and duly excepted to; (3) error in misconduct of the jury while considering the cause, as shown by the affidavit of a juror. The motion was granted on the ground that the court was of the opinion that its instructions to the jury as to the burden of proof concerning contributory negligence were insufficient; and that it did not explain to the jury that such burden of proof was on the defendant. From this order, defendant appeals.

1. Prior to the amendment, in 1907, Section 548, L. O. L., which makes appealable an order setting aside a judgment and granting a new trial, a decision upon such a motion was reviewable upon appeal from the judgment. *Multnomah County v. Willamette Towing Co.,* 49 Or. 204, 213 (89 Pac. 389). But, where the motion was based upon the insufficiency of the evidence, it was addressed to the sound discretion of the trial court, and its denial will not be reviewed on appeal. *Ruckman v. Ormond,* 42 Or. 209 (70 Pac. 707). The same rule applies under the present statute upon an appeal from an order granting a new trial. The action of the trial court in determining whether the evidence is sufficient to justify the verdict should not be disturbed. As said in *Multnomah County v. Willamette Towing Co.,* 49 Or. 204 (89 Pac. 389), great reliance must be placed in the judgment of the trial judge, and, when he approves of the verdict and decides that there was sufficient evidence to support it, his decision will rarely be disturbed; and the same is true when he holds that it is insufficient, and denies a new trial; and this court must generally accept it as final. It is held in

*Ruckman* v. *Ormond,* 42 Or. 209 (70 Pac. 707), that the motion to set aside a judgment and grant a new trial, based upon the insufficiency of the evidence, is addressed to the sound discretion of the trial court, and that its action will not be reviewed upon appeal, for the reason that the party cannot be allowed to speculate upon the probabilities of a favorable judgment, and, if disappointed, move to set it aside. His remedy is to move for a nonsuit or for an instructed verdict.

2. The third ground of the motion, namely, the misconduct on the part of the jury, is based upon the affidavit of one of the jurors as to the manner in which they arrived at their verdict and the inducements thereto; the purpose of the affidavit being to impeach the verdict. It is settled by this court, in *State* v. *Smith,* 43 Or. 109 (71 Pac. 973), that a verdict cannot be impeached by the affidavit of a juror, and is conclusive upon that question.

3. The only error of law involved in the motion for a new trial, brought here by the appeal, is the alleged error of the court in refusing to instruct the jury as to the burden of the proof on the issue of contributory negligence. In its general instructions, the court stated that, "this being a civil case, the affirmative of the issue must be proven; and when the evidence is contradictory your verdict must be in accordance to the preponderance of the evidence." But the court refused to give the following instruction, requested by plaintiff, and an exception was taken therto:

"Contributory negligence, as the term is used in these instructions, is negligence on the part of the person injured which contributes to the injury. The burden of establishing contributory negligence is upon the defendant; and, if it seeks to avail itself of that defense, it must establish, by such proof as is necessary to establish any other issue in the case, that negligence on the part of the plaintiff did contribute directly to the injury."

The instruction was proper, and should have been given, if not included in the other instructions. But we find that the substance thereof was given in the general instructions, and an instruction given when the jury returned for further instructions. After the retirement of the jury to consider the case, they returned into court for further instructions, and the court re-read to them a part of the instructions given at the close of the trial. Among others:

"If you find from the evidence in this case that the plaintiff knew of the dangerous condition of the truck wherein it is alleged to be defective, or by the exercise of ordinary care should have known, or that the defect was open and visible, as I have defined to you, then he cannot recover."

Whereupon Mr. Davis, attorney for plaintiff, said to the court:

"Before you leave that, * * I would like for the court to instruct the jury that the defendant must prove that by a preponderance of the evidence."

The court replied:

"Well, all this, as I said before, when the plaintiff alleges a matter, he must prove that; if the defendant sets up any matter, it is up to him to prove. The plaintiff sets up this question; he alleges this machinery was not properly inspected; it is for the plaintiff to prove. On the other hand, the defendant says the plaintiff was negligent, was guilty of contributory negligence, and assumed the risk and defense of fellow servant; it is up to the defendant to prove."

The court gave full instructions as to what constitutes contributory negligence, and stated that if the jury found from the evidence that plaintiff was guilty of contributory negligence, contributing to the injury, he could not recover, thus permitting the consideration of contributory negligence only in case it is established by the evidence;

and the substance of the requested instruction was included in those given. We find that it was error for the court to set aside the judgment and grant a new trial.

The order appealed from is reversed, and the cause remanded.    REVERSED.