Submitted October 2, affirmed November 26, petition for rehearing denied December 20, 1973, petition for review denied March 5, 1974

STATE OF OREGON, *Respondent, v.* GARY DEAN CAIN (No. 72 3806), *Appellant.*

STATE OF OREGON, *Respondent, v.* GARY DEAN CAIN (No. 96106), *Appellant.*

516 P2d 99

Gary D. Babcock, Public Defender, Salem, for appellant.

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Jim G. Russell, Assistant Attorney General, Salem, for respondent.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

This is a criminal case in which the defendant, Gary Dean Cain, was charged and convicted by jury of theft in the first degree, in violation of ORS 164.055. He appeals.

Previously, in March 1970, the defendant had been convicted of burglary and sentenced to four years. The court suspended the sentence and placed him on probation for four years. Based upon the conviction here appealed, the court revoked his probation and ordered the prior sentence be executed. He appeals that order also.

Defendant's assignments of error are:

1) The court erred in failing to grant his motion for a new trial based on newly discovered evidence, and

2) His probation should be reinstated pending the outcome of the new trial.

In *State v. Williams*, 2 Or App 367, 370-71, 468 P2d 909 (1970), referring to criminal cases, we said:

> "Applications for new trial based on newly discovered evidence are viewed with distrust and construed with great strictness. *State v. Walker*, 244 Or 404, 417 P2d 1004 (1966); *State v. Davis*, 192 Or 575, 235 P2d 761 (1951). Such motions are addressed to the sound discretion of the trial court."

The affidavits in support of the motion for a new trial simply failed to include any showing that reasonable diligence was used to secure the evidence before trial. *State v. Taggart*, 14 Or App 408, 512 P2d 1359 (1973), Sup Ct *review denied* (1974); *State v. Davis*, 192 Or 575, 235 P2d 761 (1951).

The affidavit must show the particular circum-

stances of the effort to discover the evidence. *State v. Davis,* supra, 192 Or at 581.

For instance, as to Mr. Boulware's statement, the mere allegation that Boulware was in jail is obviously not a sufficient showing that the evidence could not have been obtained for use at trial. Presumably, defendant's attorney could have talked to Boulware during the jail visiting hours.

Likewise, concerning the affidavits of Holmes and Trenary, there is no adequate showing as to why the defendant or his counsel could not with reasonable diligence have interviewed them or ascertained their whereabouts prior to the trial.

In *State v. Davis,* supra, the Supreme Court said:

"The record is wanting in a showing why the evidence offered through Samek could not have been discovered before trial by the exercise of due diligence. * * *

"The motion should have been supported by affidavits showing the particular effort made to discover the evidence, giving the circumstances and the names of persons of whom inquiry is made. In *State v. Hill,* supra [39 Or 90, 65 P 518 (1901)], at page 95, this court said:

" 'The reasonable diligence required to be exercised in order to justify a court in setting aside a verdict is a question of degree, which the court must determine from the facts stated in the affidavit of the applicant for a new trial. The particular effort which the party has made to discover the testimony before the trial must be stated, giving the circumstances and the names of the persons of whom he made inquiry; it not being sufficient merely to affirm that he has used "due diligence" or "reasonable diligence" or to employ equivalent expressions.' * * *

"A motion for a new trial based upon the claim of newly discovered evidence is addressed to the sound discretion of the trial court. * * *" 192 Or at 580-81.

*See also: State Highway Comm. v. Waldbauer,* 15 Or App 431, 516 P2d 97 (1973), Sup Ct *review denied* (1974).

There was no abuse of discretion here in denying the motion for a new trial.

Our disposition of the first assignment of error renders consideration of the second unnecessary.

Affirmed.