Argued October 31, affirmed November 26, petition for rehearing
denied December 20, 1973, petition for review
denied February 12, 1974

## STATE ex rel STATE HIGHWAY COMMISSION, Respondent, v. WALDBAUER et ux, Appellants.

516 P2d 97

*George H. Corey,* Pendleton, argued the cause for appellants. With him on the brief were Steven H. Corey and Corey, Byler & Rew, Pendleton.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C. J.

In this action brought by the state to acquire real property by eminent domain, the jury returned a verdict which awarded defendants less than the state's offer. The appeal arises from the denial of defendants' motion for a new trial based upon newly discovered evidence.

During trial the state relied heavily on testimony of one of its appraisers concerning a "comparable sale" of unimproved property located very close to the subject property. The "comparable sale" had been effected by an unrecorded contract and the evidence of it came, in the words of the defendants, as a "complete surprise."

The motion for a new trial states in pertinent part that it is based upon "newly discovered evidence, material for the defendants which they could not with reasonable diligence have discovered and produced at the trial," and "this motion is based upon * * * the attached affidavits * * *." One of the two affidavits was that of defendants' counsel, the relevant portion stating:

> "* * * That defendants, who had lived and been employed in the area of the sale as well as their appraisers, had never heard of the sale prior to the testimony being offered at the trial and were taken

by complete surprise. That due diligence could not have revealed to the defendants that such sale had taken place.

"* * * That the contract * * * provided in part:

"'AGREEMENT NOT TO BE RE-CORDED: Neither this Agreement nor any paper nor affidavit in any way or any manner referring hereto shall be filed by the Buyer for record in the office of the County Recorder of Union County, Oregon, without first obtaining the written consent of the Sellers, it being understood that the Buyer's possession of said property gives notice to the world of the Buyer's interest in and to said property.'

That said property to time of trial was bare land, had not been improved nor did it show any tangible evidence that possession was in the buyer or that possession had in any manner changed from seller to buyer."

The other affidavit which accompanied the motion was that of one of the four sellers. That affidavit, referring to the contract of sale, stated:

"* * * That said agreement was never intended by me to be consummated and my signature was affixed only upon a representation made by one of the other 'sellers' that the document would never be delivered to the buyer without my consent. That I signed the document on the representation that it was required for display to a party who was considering the financing of a project in which I was interested."

The state filed counter-affidavits from two of the remaining three sellers in which the affiants stated that their co-principal's statement was not correct, that the contract in question was a bona fide transaction and represented a fair market value. There is no affi-

davit from the remaining seller who, at the time of the execution of the contract, lived in Idaho.

> "It is hornbook law that applications for a new trial upon the ground of newly discovered evidence are not favored, are viewed with distrust and suspicion, and are construed with great strictness. Such applications are always entertained with reluctance and granted with caution, not only because of the danger of perjury, but also because of the manifest injustice in allowing a party to allege that which may be the consequence of his own neglect in order to defeat an adverse verdict * * *." *Newbern v. Exley Produce Express,* 208 Or 622, 630, 303 P2d 231 (1956).

*See also, State v. Cain,* 15 Or App 401, 516 P2d 99 (1973), Sup Ct *review denied* (1974). In the face of this standard we cannot say that the trial judge abused his discretion by holding that there was not a sufficient showing of due diligence. If the state's appraiser could discover and investigate the sale, why could not the defendants? Further, it is difficult to understand why a trial judge should be expected to give great weight to the credibility of an affiant who, at least on the surface, swears that the document which he executed and upon which court, jury and litigants relied was executed by him with what could be regarded as an intent to deceive.

Affirmed.